## SWISHER v SWISHER

Ohio Appeals, 4th Dist, Gallia Co

Decided March 17, 1932

Henry W. Cherrington and Hollis C. Johnson, Gallipolis, for plaintiff in error.

R. M. Switzer, Gallipolis, for defendant in error.

BLOSSER, J.

During the oral argument of this case in this court it appeared by the statements of counsel in open court that since the decree of divorce was granted by the trial court the plaintiff has re-married. Under these circumstances it would appear that the plaintiff has waived his right to prosecute error.

**2 Ohio Jurisprudence, page 588,** states the rule:

"A proceeding in error may be dismissed because the plaintiff in error has waived his right to maintain it by accepting the judgment below."

In **Buchannan, Jr. v Modern Developing Co., 82 Oh St 449,** it is stated:

"Petition in error and cross petition in error dismissed on the ground that the petitioner and cross petitioner have waived error by accepting the judgment."

This is the general rule and is recognized by the courts generally. **2 C. J., 665.**

The general rule applies to proceedings in error in divorce cases. It is stated in **9 R. C. L., page 567, §280:**

"It is a general rule that a party after accepting the benefits of a judgment or decree waives his right to have it reviewed on appeal or writ of error, and this principle has been applied to appeals in divorce cases. Thus it has been held that a party against whom a decree of divorce has been granted can not, after his subsequent re-marriage with another, prosecute an appeal, since by his re-marriage after the divorce he admits the legality of the divorce proceeding and accepts the benefit of the divorce to the extent that it enables him to re-marry."

The rule is thus stated in **19 C. J. page 188:**

"It has generally been held that the right to have a decree reviewed on appeal or writ of error is waived if the party aggrieved thereby re-marries."  .

The law seems to be well settled that a party can not be relieved from a judgment of divorce after he has used the privileges of the judgment. Having accepted the benefits of the decree he must bear its burdens. Garner v Garner, 38 Ind. 139; Rariden v Rariden (Ind)., 70 NE 398.

Courts do not look with favor upon the conduct of the plaintiff, and when facts of this character appear the court for reasons of public policy will sua sponte dismiss the proceding in error.

The proceeding in error is dismissed.

MAUCK, PJ, and MIDDLETON, J, concur.