ALBAN, APPELLEE, *v.* ALBAN, APPELLANT.

(No. 81AP-300—Decided December 15, 1981.)

*Thomas M. Tyack & Associates Co., L.P.A.,* and *Mr. Thomas M. Tyack,* for appellee.

*Messrs. Isaac, Graham & Nester, Mr. Frederick M. Isaac* and *Mr. Donald L. Anspaugh,* for appellant.

WHITESIDE, J. Lawrence Alban appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and raises a single assignment of error as follows:

"The court erred as a matter of law in finding that it lacks the requisite jurisdiction to modify alimony payments established by a decree of dissolution of marriage unless the separation agreement itself specifically reserves such jurisdiction."

The parties filed a petition for dissolution of their marriage on January 27, 1977, in which was incorporated their

separation agreement. The trial court made appropriate findings and granted dissolution by a decree incorporating the separation agreement on March 7, 1977. The separation agreement provided for periodic alimony payments to the wife, appellee herein, by the husband, appellant herein, in the amount of $1,300 per month until the wife dies or remarries, or until the parties' daughter, Alicia, graduates from high school, whichever occurs first. There was no provision for a modification of the alimony payments. In March 1980, appellant husband filed a motion for reduction of alimony payments, contending there had been a change of circumstances.

The matter was heard by a referee who confirmed that there has been a decrease in appellant husband's income, while at the same time appellee wife's income has increased. Nevertheless, the referee recommended that the motion for modification be denied because of lack of jurisdiction to make a modification in alimony payments in a dissolution proceeding at least in the absence of a provision therefor in the separation agreement. R.C. 3105.63 requires that a petition for dissolution of marriage be accompanied by a separation agreement agreed to by both spouses, which "shall provide for a division of all property, alimony, and, if there are minor children of the marriage, for custody of minor children, child support, and visitation rights."

R.C. 3105.65(B) provides for the granting of a decree of dissolution of marriage incorporating the separation agreement when appropriate, and further that "[t]he court has full power to enforce its decree, and retains jurisdiction to modify all matters of custody, child support, and visitation." Conspicuously lacking from R.C. 3105.65(B) with respect to continuing jurisdiction of the trial court are both division of property and alimony. Any doubt of the legislative intent, however, is dispelled by referring to legislative history. The present form of R.C. 3105.65(B) took effect on August 1, 1975. However, R.C. 3105.65(B) first became effective on September 23, 1974, at which time the last sentence thereof included the words "and periodic alimony payments," which were deleted by the 1975 amendment, the 1974 version reading as follows: "The court has full power to enforce its decree, and retains jurisdiction to modify all matters of custody, child support, visitation, and periodic alimony payments." By deleting the words "and periodic alimony payments" from the last sentence of R.C. 3105.65(B) in 1975, the Legislature evinced a clear intent that the court would not retain jurisdiction to modify periodic alimony payments provided for in a separation agreement incorporated in a decree of dissolution of marriage.

Notwithstanding this clear indication of legislative intent, appellant husband contends that the Supreme Court in *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399 [75 O.O.2d 474], indicated a contrary conclusion. *Wolfe* involved a divorce action, not a dissolution of marriage proceeding. The thrust of appellant's argument, however, is that the Legislature intended to make the law of dissolution of marriage conform to the law with respect to divorce as to jurisdiction of the court to modify periodic alimony payments provided for in a separation agreement incorporated into the decree, rather than an intent that such modification not be permitted in dissolution of marriage proceedings. Thus, reasons appellant, since the Supreme Court in *Wolfe* modified prior decisions indicating no jurisdiction to modify, R.C. 3105.65(B) should be construed to have the same effect despite its legislative history. We disagree.

There is a decided difference between the jurisdiction exercised by a court in granting a divorce and granting a dissolution of marriage. In a divorce case, where a divorce is granted, not only may the trial court reject, predicated upon sufficient evidence, a separation agreement

entered into by the parties as being unfair, but the court may make its own determination predicated upon sufficient evidence as to the need for and amount of periodic alimony payments to be made by one spouse to the other. In other words, in a divorce case, the matter of periodic alimony payments is one for determination by the court.

In a dissolution of marriage proceeding, however, the court has no jurisdiction to grant a dissolution unless the parties have entered into a separation agreement either providing for alimony or providing that none shall be paid, which shall be incorporated into the dissolution agreement if approved by the trial court. There can be no decree of dissolution unless there is a separation agreement voluntarily agreed to by the parties and approved by the trial court. The trial court has no power to determine the amount of periodic alimony payments as the court would have in a divorce case, but, instead, this is a matter for a voluntary agreement between the parties.

Appellant further contends that there is a violation of equal protection of the law because of differing treatment between divorce and dissolution of marriage proceedings with respect to modification of periodic alimony payments. As indicated by the foregoing, there is a rational basis for distinction between divorce cases and dissolution of marriage proceedings. The matter of alimony is strictly one for a voluntary agreement between the parties in dissolution of marriage proceedings,

the trial court having no power to reject the parties' agreement and substitute its own judgment predicated upon evidence as it would have in a divorce case. The second and fourth paragraphs of the syllabus of *Wolfe* expressly limit their application to divorce cases. No effort to extend to dissolution of marriage proceedings was made in *Wolfe*, although present R.C. 3105.65(B) was in effect at the time of that decision. Nor has the Legislature in the interim seen fit to make further modification of the statute.

Accordingly, we find that, in light of its legislative history, R.C. 3105.65(B) does not confer upon a court of common pleas jurisdiction to modify periodic alimony payments provided for in the separation agreement incorporated in the dissolution decree, at least in the absence of a provision in the separation agreement for such modification. The assignment of error is not well taken.

Accordingly, for the foregoing reasons, the assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

McCormac and Brown, JJ., concur.

Brown, J., retired, of the Court of Common Pleas of Coshocton County, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.