ANDERSON, APPELLANT, *v.*
ANDERSON, APPELLEE.

(No. 83-CA-53—Decided March 2, 1984.)

*Mr. Fred J. Andary,* for appellant Loren A. Anderson.

*Mr. J. Timothy Campbell,* for appellee Ione LeMay Anderson (King).

BROGAN, P.J. Colonel Loren A. Anderson, and Ione LeMay Anderson (now King) were remarried on June 8, 1975. At that time Loren was on active duty as an officer in the United States Air Force. He remained on active duty until his retirement in 1978.

The parties herein were divorced on February 4, 1975 after nearly twenty-five years of marriage. As noted, they remarried three months later and remained so for the next seven years. On January 15, 1982, the Andersons filed a petition for dissolution of marriage and attached their separation agreement pursuant to R.C. 3105.63.

In addition to the usual division of real and personal property, the separation agreement included the following provision:

"13. The wife shall relinquish any

and all claims which she has or may have or hereafter acquire in the husband's retirement fund."

Loren Anderson had been receiving his military pension since his retirement in 1978.

A decree of dissolution was entered on February 19, 1982, wherein the separation agreement was incorporated as part of the decree. The entry stated that both parties had appeared before the court and had "acknowledged under oath that they voluntarily entered into the Separation Agreement." In August of that year Ione married her present husband, Robert J. King.

On February 18, 1983, nearly one year to the day after the parties' marriage was dissolved, the appellee, Ione LeMay King, moved for relief from judgment and requested the following three branches of relief:

"1. To vacate and amend the Separation Agreement between the parties specifically paragraph 13 thereof to permit her to share in the said Loren A. Anderson's military retirement fund pursuant to the [Uniformed Services] Former Spouse[s'] Protection Act, P.L. 97-252 effective January [sic; February] 1, 1983, and for the Court to make the necessary and proper orders pursuant thereto to have a portion of said fund paid to Ione LeMay King, formerly known as Ione LeMay Anderson.

"2. For an order requiring the said Loren A. Anderson to return the items listed in the Affidavit which is hereto attached and fully incorporated by reference herein pursuant to the division set forth in paragraph 4 of said Separation Agreement.

"3. For any other orders for the benefit of the said Ione LeMay King, formerly known as Ione LeMay Anderson, that may come before the Court at the time of the hearing."

Accompanying the motion for relief from judgment was an affidavit of the movant wherein she stated:

"1. That she is a party to the within action.

"2. That on February 19, 1982 a Decree of Dissolution of Marriage was entered between she [sic] and Loren A. Anderson incorporating a Separation Agreement dated January 14, 1982.

"3. Said Separation Agreement, and specifically paragraph 13 thereto, was dated January 14, 1982 which is after June 26, 1981 the date of the decision of the United States Supreme Court in McCarty v. McCarty, 101 S. Ct. 2728.

"4. That effective January [sic; February] 1, 1983, the United States Congress passed the [Uniformed Services] Former Spouse[s'] Protection Act being P.L. 97-252 which entitles the Affiant herein to a portion of the said Loren A. Anderson's retirement fund.

"5. Affiant further states that pursuant to paragraph 4 of the Separation Agreement, certain furniture and household goods were to be retained by each party pursuant to a division previously made, but that the following furniture and household goods that were to belong to the said Ione LeMay Anderson, now known as Ione LeMay King, were in fact taken and/or retained by the said Loren A. Anderson. Those items are as follows: (a) wine decanter and glasses and green tray; (b) antique/gilted framed mirror; (c) ½ of all crystal and stem ware; (d) antique chest of drawers (oval mirror); (e) oak round table with legs shortened for coffee table; (f) ½ of bronze ware brought from Thailand; (g) one pair of multiple head brass candle sticks; (h) one pair of ceramic elephants; (i) two chairs; (j) one burnt orange chair; (k) one china hutch and buffet and small dish chest (Drexel decoration); (l) solid gold bracelet; and (m) personal items belonging to Ione LeMay Anderson, now known as Ione LeMay King."

A hearing was held on this motion on May 6, 1983. Per decision entered May 20, 1983, the trial court overruled branches two and three of the requested relief,

while sustaining the movant's first branch, to wit: vacate and amend the separation agreement so as to permit Ione LeMay King to share in her ex-husband's military retirement pay. In its decision the court stated:

"Speaking now to the first branch, and the most important, is her desire to share in her former husband's retirement pension. The Court is constrained to find that at the time she entered into the Separation Agreement that she relinquished nothing in exchange for an $800 per month alimony payment for a ten-year certain period. This 'time' the Court feels was in lieu of a property division or sharing in Respondent's military retirement fund. The cessation clause 'until death or remarriage' the court must interpret to be applicable to the $600 per month term and the $800 alimony applicable to property division. Consequently, since the Uniformed Service[s] Former Spouse[s'] Protection Act attempted to correct the inequities caused by the *McCarty* case, this Court can only speculate that at the time Mr. Anderson entered into this Agreement, he was anticipating such a change. Nonetheless Mrs. Anderson, by law, is entitled to share in what she helped Mr. Anderson accrue for her long marriage with him."

The trial court therefore granted movant's request to vacate and amend Paragraph 13 of the separation agreement. The court ordered a hearing to be held in order to determine the amount of pension benefits to which the movant was entitled. The hearing is pending the outcome of this court's decision.

From this judgment the respondent, Loren A. Anderson, timely filed a notice of appeal to this court. On appeal he has set forth the following three assignments of error:

"I. The trial court erred in overruling respondent's motion to dismiss petitioner's motion to vacate and amend the separation agreement of the parties.

"II. The trial court abused its discretion in its finding that the Uniformed Services Former Spouses' Protection Act entitled the former spouse to a hearing to ascertain what amount the former spouse is entitled to after having considered the assets and liabilities that were dispersed through the terms of the separation agreement.

"III. The trial court erred in its judgment that the Uniformed Services Former Spouses' Protection Act applies to the seven-year marriage of the parties."

Under his first assignment of error appellant argues that the trial court lacked jurisdiction to amend the alimony provisions of the separation agreement. This court has had two prior occasions to address this issue and did indeed conclude as appellant asserts, to wit, the domestic relations court does indeed lack jurisdiction to amend a separation agreement as it pertains to alimony pursuant to a dissolution. See *Holtz* v. *Holtz* (May 11, 1982), Montgomery App. No. 7401, unreported; *Havlin* v. *Havlin* (Aug. 24, 1982), Montgomery App. No. 7663, unreported. This conclusion is further supported by the decision of the Franklin County Court of Appeals in *Alban* v. *Alban* (1981), 1 Ohio App. 3d 146. The syllabus of this decision states:

"R.C. 3105.65(B) does not confer jurisdiction upon a court of common pleas to modify periodic alimony payments provided for in a separation agreement incorporated in a decree of dissolution of marriage, at least in the absence of a provision in the separation agreement for such modification."

In her brief appellee does not dispute the status of the case law on this point, rather she maintains this case deals with the division of property as opposed to alimony. It is appellee's position we should treat the division of property differently from alimony in determining whether a trial court may invoke jurisdiction over the modification of a separation agreement.

We would agree with appellee's argument that the military retirement pension is an asset which should appropriately be classified as property. However, whether or not it is so classified makes no difference for the purposes of this appeal. It is our opinion that R.C. 3105.65 does not confer jurisdiction upon a court of common pleas to modify either agreed alimony or a property division. R.C. 3105.65(B) provides in part:

"* * * A decree of dissolution of marriage has the same effect upon the property rights of the parties, including rights of dower and inheritance, as a decree of divorce. The court has full power to enforce its decree, and retains jurisdiction to modify all matters of custody, child support, and visitation."

In *Holtz, supra,* citing 50 Ohio Jurisprudence 2d (1961) 165-166, Statutes, Section 188, we noted:

" 'A general principle of interpretation is that the mention of one thing implies the exclusion of another; *expressio unius est exclusio alterius.* General words following the designation of particular subjects are ordinarily restricted by the particular designation to include only things of the same nature as those specifically enumerated. The maxim is to be applied where there is a grant of power, or a direction, to do a particular thing. When a statute directs a thing to be done by a specifi[ed] means or in a particular manner it may not be done by other means or in a different manner.' "

We then construed the statutory provision as limiting the jurisdiction of the domestic relations courts to modifying its decrees in dissolution cases to matters relating to custody, support and visitation of children. We are presently inclined to follow our previous pronouncement. As such, it is the opinion of this court that a domestic relations court lacks jurisdiction to modify a property division in a separation agreement which has been incorporated into a decree of dissolution of marriage.

The above discussion limits the domestic relation court's authority to modify a separation agreement which was consented to by the parties and incorporated into the decree of dissolution. It is not to be construed as limiting the court's authority to vacate a decree of dissolution under Civ. R. 60(B), relief from judgment, in the appropriate case. If we construe the trial court's order as vacating the separation agreement, as opposed to the mere modification of said agreement, we are of the opinion the court did indeed have authority to entertain the action.

Assuming the trial court did vacate, we still find ourselves compelled to reverse its decision for the following reasons. By vacating the agreement the trial court effectively vacated the entire dissolution decree. This conclusion is inescapable in light of the fact that mutual consent to a separation agreement is a prerequisite to a valid judgment of dissolution pursuant to R.C. 3105.61 *et seq.* To vacate one without vacating the other would be repugnant to the purposes of the legislation. We find ourselves in agreement with the following statement of the Cuyahoga County Court of Appeals in *Ashley* v. *Ashley* (1981), 1 Ohio App. 3d 80, 83, wherein it stated:

"* * * The issue here is whether a court, sitting under the authority of the dissolution statutes of R.C. 3105.61 *et seq.,* can impose new terms of alimony and division of property without the consent of the parties. We hold that it cannot. Mutual consent to the separation agreement was one of the two essential elements required for a valid judgment of dissolution. After vacating judgment on the original separation agreement due to incomplete disclosure, the court was obligated to dismiss the petition for dissolution previously granted and leave the parties where it found them. *To set aside the agreement is to set aside the dissolution.* To hold otherwise is to permit these dissolution statutes (R.C. 3105.61 *et seq.*) to circumvent the divorce laws by in-

itially accepting the parties' agreement to the dissolution and separation agreement, and, after the issuing of the decree, allowing one of them to repudiate such agreement. For the court to modify the separation agreement on a matter over which it does not retain jurisdiction amounts to granting a divorce without proof of any statutory ground for divorce. We believe that this was not the intention of the legislature, nor will we construe the dissolution statutes in this manner. * * *" (Emphasis added and footnote omitted.)

Consequently, the trial court's order, if construed as a vacation of the separation agreement, also acts as a vacation of the dissolution order itself. Although the trial court may appropriately do so under a motion for relief from judgment, the appellee is estopped in this case from so proceeding.

The record discloses that the appellee remarried after the entering of the decree of dissolution and prior to filing of the motion for relief from judgment. In *Ord* v. *Ord* (Oct. 29, 1982), Darke App. No. 1061, unreported, we decided that one could not attack the validity of a dissolution after having relied upon it for purposes of remarriage. Relying on *Swisher* v. *Swisher* (1932), 42 Ohio App. 53, at 54, we then recognized that:

" 'The law seems to be well settled that a party cannot be *relieved from a judgment* of a divorce after he has used the privilege[s] of the judgment.' " (Emphasis *sic*.) See, also, *Beard* v. *Beard* (June 3, 1982), Clark App. No. 1635, unreported.

We went on to note in *Ord* that where a party has obtained a dissolution rather than a divorce, the reasons for denying relief from judgment were even more compelling. We therefore concluded that where one has benefited from "using" the judgment to remarry, he is estopped from attacking the judgment of dissolution.

Having concluded that an action to vacate the separation agreement would also vacate the dissolution, it is our opinion that the movant is estopped by her subsequent marriage from seeking the relief granted below. Accordingly, the first assignment of error is sustained.

Appellant's second assignment of error challenges the trial court's order granting a hearing for the purpose of ascertaining the amount of pension benefits to which his ex-wife is entitled. He maintains such an order constituted an abuse of discretion on behalf of the trial court. In light of our disposition of the first assignment of error we must agree with appellant. Having been estopped from challenging the dissolution by her subsequent marriage, the trial court could not properly order a hearing for the purpose of altering the separation agreement.

Appellant's second assignment of error is sustained.

Appellant's final assignment of error challenges the propriety of invoking the Uniformed Services Former Spouses' Protection Act to the facts of this case. Section 1408(d)(2), Title 10, U.S. Code, provides:

"If the spouse or former spouse to whom payments are to be made under this section was not married to the member for a period of 10 years or more during which the member performed at least 10 years of service creditable in determining the member's eligibility for retired or retainer pay, payments may not be made under this section to the extent that they include an amount resulting from the treatment by the court under subsection (c) of disposable retired or retainer pay of the member as property of the member or property of the member and his spouse."

Appellant asserts that his second marriage to his ex-wife lasted only seven years and as such the ten-year requirement of the Act was not met.

As we perceive the ten-year provision of the Act, it is merely a threshold requirement to a former spouse's entitlement to recover under the Act. There is

nothing in the statute to indicate ten consecutive years is required, nor shall we infer such a requirement. The Act merely requires a former spouse to have been married for a period of ten years while the member spouse has performed the same number of years of creditable service. During the parties' two marriages to one another, the facts reveal that the ten-year requirement was indeed met. We do not believe the divorce terminated appellee's eligibility to use the previous years' service for purposes of determining entitlement. We see nothing in the legislation contra to this conclusion.

Appellant's third assignment of error is overruled.

Accordingly, the judgment of the trial court is reversed.

*Judgment reversed.*

KERNS and WILSON, JJ., concur.