NEIDENTHAL, N.K.A. HORTON, APPELLEE, *v.* NEIDENTHAL, APPELLANT.

380

(No. 87AP-320—Decided
September 22, 1987.)

*Harry Lewis Co., L.P.A., Harry
Lewis* and *Vincent A. Dugan,* for appellee.

*Luper, Wolintez, Sheriff & Neidenthal Co., L.P.A.,* and *Barry H. Wolinetz,* for appellant.

BRYANT, J. Appellant, Kenneth W. Neidenthal, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, dismissing his motion to terminate or modify alimony. Appellant sets forth one assignment of error, contending that:

"The trial court erred in overruling appellant's objections to the report of the court referral officer and in approving the report as filed."

By a decree of dissolution of marriage, filed in June 1980, the marriage of Jane Neidenthal, now Horton, and Kenneth Neidenthal was terminated. Attached to that decree, and incorporated into it, was the separation agreement ("agreement") between the parties. The agreement states that appellant is to pay the appellee $300 per month in sustenance alimony. However, the agreement further states:

"The parties further agree that the retirement of the Husband from full-time employment shall and will be considered a material change of circumstances for the purpose of modification of the alimony payments agreed to herein except that the Hus-

band's voluntary retirement before age 65 shall not be considered a material change of circumstances for the purposes of modification of the alimony payments agreed to herein."

Moreover, to facilitate the modification of alimony payments contemplated by the foregoing language, the agreement also states:

"It is further agreed that in the event of dissolution or in the event that either party procures a divorce, the Court granting the divorce shall have and retain jurisdiction of the parties for the purposes of modification of any matter contained in this Separation Agreement or in the Judgment Entry and Decree of Divorce; and shall retain jurisdiction for the purposes of enforcement of the entire agreement, if the occasion should arise."

On November 4, 1986, appellant moved the court to modify or terminate his alimony obligations, claiming that he had reached the age of sixty-five, the mandatory retirement age where he was employed.

The motion to terminate or reduce alimony was heard by a court referral officer, who filed a report and recommendation overruling the appellant's motion on December 17, 1986. While that report was later amended to correct a mistake, the basis of the December 17 report, as well as the corrected report, was that a common pleas court does not possess jurisdiction to modify alimony payments contained in a separation agreement incorporated into a dissolution decree.

Appellant filed objections to the referee's report. The trial court overruled appellant's objections, adopted and approved the referee's report as corrected, and journalized an entry overruling the objections to the referee's report and dismissing appellant's motion.[1]

---

[1] The trial court's decision did not address appellant's Civ. R. 60(B) motion seeking relief from the terms of the dissolution decree. Nor does appellant raise the Civ. R.

In his single assignment of error appellant asserts that the trial court had jurisdiction to consider a termination or reduction of alimony payments pursuant to the language of the agreement quoted above. We note, initially, that if we interpret the language of the agreement literally, appellant's argument must fail. More particularly, the specific language relied upon by appellant in support of his contentions grants continuing jurisdiction only to "the court granting the divorce." Inasmuch as no divorce was granted herein, but rather the parties terminated their marriage through dissolution procedures, the single court designated as having the power to modify the agreement is nonexistent under the facts presented by this case.

Granting appellant the benefit of liberal interpretation of the language of the agreement, we nonetheless must overrule his assignment of error. This court has previously considered similar situations. In *Alban* v. *Alban* (1981), 1 Ohio App. 3d 146, 1 OBR 454, 439 N.E. 2d 963, appellant sought to modify alimony payments established by a decree of dissolution of marriage. The separation agreement therein did not include language providing for such modification. In comparing the jurisdiction of the trial court in both a dissolution and a divorce proceeding, this court concluded that:

"R.C. 3105.65(B) does not confer upon a court of common pleas jurisdiction to modify periodic alimony payments provided for in the separation agreement incorporated in the dissolution decree, at least in the absence of a provision in the separation agreement for such modification." *Id.* at 148, 1 OBR at 456, 439 N.E. 2d at 966.

Subsequently, *Fugazzi* v. *Fugazzi* (June 2, 1983), Franklin App. No. 82AP-174, unreported, presented facts very similar to the ones now before us. In *Fugazzi*, this court noted that *Alban* did not decide whether a common pleas court may modify alimony payments where a separation agreement incorporated into the dissolution decree provides that either party may have the alimony award reviewed by the court. In rejecting contentions that the court could modify the alimony agreed to in the dissolution proceeding, this court stated:

"The statute, in this case, having failed to confer jurisdiction in the Common Pleas Court to modify periodic alimony payments, we find that the parties cannot bootstrap themselves by conferring jurisdiction on the court in the separation agreement. * * *" *Id.* at 6.

Likewise, in the matter before us, the parties have attempted to confer jurisdiction on the court of common pleas to modify, as it deems appropriate under changed circumstances, alimony payments incorporated into a dissolution decree. As this court stated in *Fugazzi*, the trial court does not have that authority pursuant to R.C. 3105.65(B),[2] and parties may not confer that jurisdiction on the court by virtue of the language of their agreement.

We do not suggest that in no circumstances may a court enforce an agreed modification of alimony payments set forth in a separation agreement later incorporated into a dissolution decree. Indeed, the parties may so structure an agreed modification as to allow enforcement of that modification as a binding agreement. However, the matter before us does not present such facts. Rather than

---

60(B) motion as part of his assignment of error. Hence, we do not consider or decide that issue in this opinion.

[2] We refer to R.C. 3105.65(B) prior to its 1986 amendments. Neither party has addressed what application R.C. 3105.65(B), as amended, may have to the case before us, and we do not decide that issue herein.

specify an alternative agreement or modification to become effective on changed circumstances, the parties herein have left to the discretion of the trial court whatever modification it may deem appropriate; and the trial court lacks jurisdiction to do so.

Inasmuch as the trial court may not review and modify the alimony payments set forth in the agreement, we overrule appellant's assignment of error. The judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and REILLY, JJ., concur.