### Helm v. Helm
### Case No. 11518

**Montgomery County, (2nd)**
**Decided February 22, 1990**
[Cite as 1 AOA 39]

*Thomas H. Liles, 818 Shroyer Road, Dayton, Ohio 45419, Attorney for Plaintiff-Appellee*

*Thomas M. Baggott, 120 W. Second Street, Dayton, Ohio 45402, Attorney for Defendant-Appellant*

BROGAN, J.

Appellant, James G. Helm, appeals from the judgment of the trial court denying his Motion to Claim Minor Children as Dependents for Income Tax Purposes.

The marriage of appellant and appellee, Susan Helm (aka Susan Coughenour), was dissolved on July 13, 1983. Incorporated into the Decree of Dissolution was a Separation Agreement. The Agreement provided that appellant pay child support in the amount of $5.00 per week per child, subject to further modification by the court. The paragraph immediately following this provision disposed of the income tax dependency exemption : "2. The parties mutually agree that the wife shall be certified to claim the parties' minor children as exemptions for the purpose of federal and state income taxes." Custody of the couple's minor children was granted to Susan.

Subsequent to the filing of the Separation Agreement, appellee has several times moved for an increase in child support. On June 13, 1988, the trial court granted the most recent of these motions and ordered an increase in the amount of support to $58 per week per child. At that time, the affidavits of income disclosed that James was earning a gross annual income of $41,600 and that Susan was earning a gross annual income of $2,604. Of the child support obligation totalling $12,031, James was to pay $11,309 and Susan, $722.

Appellant filed the motion at issue on September 22, 1988. Referee Judy King heard the matter on December 8, 1988 and issued a

report on January 3, 1989. The referee overruled appellant's motion for lack of jurisdiction.

Appellant filed exceptions to the report on January 12, 1989. On March 24, 1989, the trial court issued its Decision and Judgment. Citing *Hughes v. Hughes* (1988), 35 Ohio St. 3d 165, the trial court approved and adopted the referee's report. Appellant subsequently filed this appeal.

Appellant contends that the trial court erred in denying his motion to award him the dependency exemptions for his minor children. Appellant's argument is threefold: (1) the Amendments to the Supreme Courts Rules of Superintendence permit continued jurisdiction over the issue of tax exemptions; (2) the tax exemption is not marital property to be divided by the court; (3) to hold the tax exemption a non-modifiable division of property is unfair and unreasonable to a party providing 75% of the total support for his children.

C.P. Sup. R. 75. V. permits the trial court to deviate from the Child Support Guidelines where application of the Guidelines would be inequitable to the parties. Among the circumstances permitting such deviation is the following: "(F) Tax consequences of child support, spousal support and division of marital property; * * *."

Appellant argues that because the issues of child custody and child support remain under the continuing jurisdiction of the court, the issue of the dependency exemption, so closely tied to these concerns, should likewise remain within the continuing jurisdiction of the trial court.

While we agree that the issue of the dependency exemption is related to the issues of child support and child custody, we cannot find that C.P. Sup. R. 75. V. grants continuing jurisdiction over the allocation of the dependency exemption.

As explained by the Ohio Supreme Court in *Colizoli v. Colizoli* (1984), 15 Ohio St. 3d 333, 335-336, "With respect to modification of child support, it is clear that R.C. 3109.05 permits the court to modify a child support order based on the factors enumerated therein." Further C.P. Sup. R. 75. I. indicates that the considerations enumerated therein "shall be used as a starting point and considered in conjunction with the appropriate *statutory* provisions for the * * * modification of child support * * *." (Emphasis added). Therefore, C.P. Sup. R. 75. V. grants the trial court the discretion to consider the tax

consequences of a child support order but does not constitute a grant of continuing jurisdiction.

We find no merit in appellant's argument that the tax exemption is not marital property. In *Hughes v. Hughes* (1988)), 35 Ohio St. 3d 165, syllabus, the Ohio Supreme Court held: "*As a part of the division of marital property* in a divorce proceeding, a domestic relations court may award the dependency exemption permitted in Section 151, Title 26, U.S. Code, to the noncustodial parent. * * *." (Emphasis added).

However, the *Hughes* court did not consider the issue presently upon review: whether a trial court may modify the allocation of the dependency exemption upon a showing of changed circumstances. Therefore, to the extent that the *Hughes* decision does not address the issue at bar, it is not binding upon us.

This court has recognized the general rule "that a domestic relations court lacks jurisdiction to modify a property division in a separation agreement which has been incorporated into a decree of dissolution of marriage." *Anderson* v. *Anderson* (1984), 13 Ohio App. 3d 194, 197. (*See also, Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399). The rationale for this rule is explained by the Madison County court of Appeals in *Bean* v. *Bean*, 14 Ohio App. 3d 358, 361: "In order to provide stability, the law looked with favor on the principle of 'finality of judgments.' The reason for this principle is that the persons must be able to rely on court rulings. If courts had continuing jurisdiction to modify all decrees, there would be confusion and uncertainty."

We are cognizant of one unreported appellate decision, *Mettler* v. *Mettler* (Dec. 5, 1988), Ross App. No 1507, unreported, which held that the allocation of the dependency exemption could not be modified post-decree. The *Mettler* court cited *Hughes* and *Bean, supra,* in support of its opinion. Nonetheless, we are persuaded that the nature of the tax exemption renders it uniquely susceptible to post-decree modification for changed circumstances.

In *Bobo* v. *Jewell* (1988), 38 Ohio St. 3d 330, the Supreme Court described the factors considered in a decision regarding the allocation of the dependency exemption. *Bobo*, a case decided subsequent to *Hughes, supra,* concerned a dispute over the award of the tax exemption between two parties who were never married. Therefore, the *Bobo* court did not consider the issue of equitable division of property. Despite this distinction, we find the commentary of the *Bobo* decision instructive because it illustrates

the relationship between an order of child support and the dependency exemption.

> The consideration which can support an order relating to the dependency allowance are exemplified in *Hughes, supra.* In that case, the record indicates that the court allocated marital property, the burdens of child support and the dependency exemptions in a manner designed to benefit the children while lessening the income tax obligations of the parents by increasing the level of child support awarded and giving the dependency exemptions to the parent who would benefit the most from them--in this circumstance, to the noncustodial father whose gross income exceeded that of the custodial mother. Awarding the dependency exemptions to the parent in the higher tax bracket so that the higher-earning parent could pay more child support achieved an equitable result overall. *Bobo, supra*, at 332-333.

We find, pursuant to the reasoning of *Bobo, supra*, that the award of the dependency exemption is based primarily upon the consideration of the best interest of the child and should be awarded in order to maximize the assets available for child support. (*Accord, Esber* v. *Esber* (June 28, 1989), Medina App. No. 346576, unreported). The best interest of the child is essentially a function of changed circumstances which permit the court to modify child custody and child support when necessary. Where, as in the instant case, child support is increased, the court should be permitted to concomitantly review the issue of the dependency exemption in order to ensure that the best interest of the child is served. (*See, Fannin* v. *Fannin* (November 24, 1989), Greene App. No. 89-CA-6, unreported).

Therefore, we hold that as marital property, the dependency exemption is *sui generis*, and unlike the typical subject of a marital property division. Just as the trial court is authorized to extend continued jurisdiction over child support and custody pursuant to R.C. 3109.05, so, too, it must be authorized to continued jurisdiction over the allocation of the dependency exemption in order to effectuate the best interest of the child.

Appellant's assignment of error is well taken. The decision of the trial court will be reversed and remanded for consideration in accordance with this opinion.

FAIN, J., concurs.

GRADY, J., concurring:

I fully concur in the outcome reached in the majority opinion, but I disagree with the basis of the decision.

The central question before us is whether award of the tax dependency exemption is an incident of child custody, and thus subject to modification as a part of the court's continuing jurisdiction under R.C. 3109.05, or is a component of marital property the award of which is not subject to modification within that continuing jurisdiction.

*Hughes* v. *Hughes* (1988), 35 Ohio St. 3d 165, and *Bobo* v. *Jewell* (1988), 38 Ohio St. 3d 330, suggest that the exemption is encompassed within the concept of marital property. However, neither case addressed the distinction directly and neither determined the trial court's authority to modify a prior award of the exemption. Neither case support the view that the issue is settled and determined.

I am reluctant to view the tax exemption as an element marital of property that is *sui generis* modifiable. Opening the doors to further similar issues is, then, almost inevitable. I also believe it is unnecessary.

The dependency tax exemption may be characterized as "marital property" when viewed as another of the financial obligations or benefits arising from the marriage which are distributed in the "property settlement". But, it differs from other elements in that distribution in several important respects.

First the tax exemption attaches as a direct consequence of child custody and the court's decisions concerning the matter. The rules creating and governing the exemption look to that decision to determine allocation of the exemption. The exemption is, therefore, an incident of child custody and should be recognized as such.

Second, the exemption for a minor dependent is founded on an obligation for support which continues for both parents after decree. The Ohio Child Support Guidelines (C.P. Sup. R. 75) are predicated on that continuing obligation.

In that respect child support is distinctly different from true marital assets and liabilities, which are divided between the parties at termination of marriage and in which no mutual interests continue. The character of those interests require completeness and finality in their division. The obligations arising from support and custody, and those matters incident

to them, continue and should not be finally determined at decree.

Third, custody and support decisions are modifiable because they are based on changing circumstances of income and need. The dependency exemption should not, in justice, be allocated permanently when the factors determining its allocation may change and are modifiable by law. In that respect it deserves the same treatment as sustenance alimony, which is modifiable upon a reservation of jurisdiction.

For the foregoing reasons I believe that award of the tax dependency exemption for minor children whose custody and support are determined by the court is modifiable by the court upon the bases recited in R.C. 3109.05 so long as the custody and support orders continue in force and effect. I would hope that the Supreme Court would view its decisions in *Hughes* v. *Hughes, supra* and *Bobo* v. *Jewell, supra*, as improvident to the extent they imply or provide otherwise.