**James R. WARREN, Appellant (Petitioner Below),**

v.

**Caroline M. WARREN, Appellee (Respondent Below).**

No. 27A02-8910-CV-553.

Court of Appeals of Indiana, Second District.

Dec. 6, 1990.

Bruce M. Frey, Guerrero & Frey, Marion, for appellant.

SHIELDS, Presiding Judge.

James Warren appeals the trial court's award of a portion of his military retirement pay to his wife, Caroline, upon the dissolution of their marriage.

We affirm.

## ISSUE

Whether a spouse's military retired or retainer pay is a marital asset when the marriage endured less than ten (10) years during which the retiree was performing service creditable in determining eligibility.

## FACTS

James and Caroline Warren were married on September 5, 1980 and divorced on June 5, 1989. James retired from the United States Army with retirement benefits on October 31, 1985. The trial court awarded Caroline twenty-five percent (25%) of James's retired pay, payable monthly.

## DISCUSSION

James argues the trial court's award of a portion of his monthly retirement benefits to Caroline is specifically prohibited by 10 U.S.C. § 1408 (1982) inasmuch as he did not have ten (10) years of military service during his marriage to Caroline.

The enactment of the Uniformed Services Former Spouse's Protection Act, 10 U.S.C. § 1408, empowers the several states to treat military pensions as they chose.

> Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

10 U.S.C. § 1408(c)(1).

James argues this authorization is restricted by the provision:

> If the spouse or former spouse *to whom payments are to be made* under this section was *not married to* the member for a period of 10 years or more during which the member performed at least 10 years of service creditable in determining the member's eligibility for retired or retainer pay, payments may not be made under this section to the extent that they include an amount resulting from the treatment by the court under subsection (c) of disposable retired or retainer pay of the member as property of the member or property of the member and his spouse.

10 U.S.C. § 1408(d)(2) (Emphasis added).

Contrary to James's position, subsection (d)(2) does not take away a state's right under subsection (c)(1) to treat retired or retainer pay as marital property. In fact, subsection (d)(2) concerns payments to be made to a spouse or former spouse and, therefore, assumes payments under subsection (c)(1) are ordered paid. The subsection does, however, prohibit direct payments to the spouse. This purpose becomes apparent when the subsection is read in conjunc-

tion with subsection (d)(1) which, in relevant part, reads:

> After effective service on the Secretary concerned of a court order with respect to the payment of a portion of the retired or retainer pay of a member to the spouse or a former spouse of the member, the Secretary shall, *subject to the limitations of this section*, make payments to the spouse or former spouse in the amount of the disposable retired or retainer pay of the member specifically provided for in the court order.

10 U.S.C. § 1408(d)(1).

Therefore, based upon 10 U.S.C. § 1408(c)(1) we conclude a state may empower its courts in a dissolution proceeding to award a portion of a spouse's retiree or retainer pay to a spouse who was married to the retiree for less than ten (10) years during which the retiree was performing service creditable in determining eligibility. Indiana courts have been authorized to do so by IC 31–1–11.5–2(d)(3) (1988). The General Assembly amended this statute to specifically provide "the right to receive disposable retired or retainer pay, as defined in 10 U.S.C. § 1408(a),[1] acquired during the marriage, that is or may be payable after the dissolution of marriage" constitutes marital property subject to division in dissolution proceedings. Therefore, Indiana is entitled to classify the retired or retainer pay as marital property.

The majority of other state courts who have considered this issue, after considering the legislative history of the federal legislation, also have determined subsection (d)(2) only precludes the portion awarded to a retiree's spouse from being paid directly to the spouse. *See e.g. In re Marriage of Beltran* (1986), 183 Cal.App.3d 292, 227 Cal.Rptr. 924, 927 (10 U.S.C. § 1408(d)(2) is a "limitation only upon *direct* payments made to the former spouse pursuant to a court order served upon the secretary"); *Carranza v. Carranza* (1989), Ky. App., 765 S.W.2d 32, 33–34 ("the 10–year requirement of 10 U.S.C. § 1408(d)(2) is not a barrier to the division of military retirement pay, but only a factor in determining how the entitlement is to be collected"); *Scott v. Scott* (1988), La.App., 519 So.2d 351 (10 U.S.C. § 1408(d)(2) only precludes direct payments by the Secretary to the former spouse); *Konzen v. Konzen* (1985), 103 Wash.2d 470, 693 P.2d 97, 99 ("Congress did not intend to limit the application of [10 U.S.C. § 1408] to marriages lasting over ten years during the service member's military career"). As we have done, these courts conclude subsection (d) addresses the circumstances under which the Secretary is required to pay a portion *directly to* the former spouse.

James asserts *Anderson v. Anderson* (1984), 13 Ohio App.3d 194, 468 N.E.2d 784 supports his argument. In *Anderson* the Wife requested relief from a dissolution judgment nearly one year to the day after the parties' marriage was dissolved and several months after she had remarried. The trial court granted Wife relief and Husband appealed. In reversing the judgment of the trial court the court of appeals held the trial court erred in granting relief because it did not have jurisdiction to modify an alimony or a property division agreement. "[I]t is the opinion of this court that a domestic relations court lacks jurisdiction to modify a property division in a separation agreement which has been incorporated into a decree of dissolution of marriage." *Anderson*, 468 N.E.2d at 788. Though, the court commented that the Uniformed Services Former Spouses' Protection Act "requires a former spouse to have been married for a period of ten years while the member spouse has performed the same number of years of creditable service," *Id.* at 789, this gratuitous statement (there was no dispute but that the parties had been married for the ten years although the calculation required credit to periods of times the parties were married to each other prior to a former divorce) does not dissuade us from our interpretation and that of numerous other courts of the appropriate statutes.

---

**1.** 10 U.S.C. § 1408(a)(4) defines disposable retired or retainer pay as "the total monthly retired or retainer pay to which a member is entitled."

The trial court did not err in awarding Caroline a portion of James's monthly retirement benefits.

Judgment affirmed.

BUCHANAN, J., concurs.

CONOVER, J., dissents, with separate opinion.

CONOVER, Judge, dissenting.

I respectfully dissent.

The statutory authority of state courts to treat federal retired or retainer pay as either the payee's, or the payee's and his spouse or former spouse's, personal property as provided by state law is specifically qualified by 10 U.S.C. § 1408(c)(1)'s opening phrase "Subject to the limitations of this section," and the identical language contained in 10 U.S.C. § 1408(d)(1). The only restriction present in the sections of 10 U.S.C. § 1408 quoted by the majority is the reference to spouses or former spouses not married to the payee "for a period of 10 years or more" while the payee was in federal service earning eligibility for those benefits.

Under the majority's construction of this statute, the spouse of such a federal payee could be awarded any part or all of such payee's retirement or retainer pay, even though married to such payee for only a year or less, if the court order so provided and the state law authorized such an order. Also the majority's interpretation would result in the authorization of indirect payments of such funds to such spouses when direct payments thereof are prohibited. Both federal and state law proscribe the doing of an act indirectly which cannot be done directly. I believe the majority's construction of 10 U.S.C. § 1408 is totally unwarranted under the sections it relies upon.

I believe the intent of Congress on this point is clear: it intended no payments of federal retirement or retainer pay were to be paid either directly or indirectly to a federal payee's spouse or former spouse unless those parties have been married for the minimum period of 10 years provided in 10 U.S.C. § 1408(d)(2).

For those reasons I would reverse and remand for further proceedings.