DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Roger Ryan, appeals from the judgment entered by the Summit County Court of Common Pleas regarding modification of spousal support. We affirm.
Appellant and Appellee, Caroline Ryan, were married on January 8, 1956. On January 20, 1993, they entered into a separation agreement. An amendment to the separation agreement was executed on March 26, 1993. Both documents were incorporated into a Dissolution Decree on April 12, 1993.
Pursuant to the separation agreement, spousal support was set at $3,400.00 per month. The agreement also required Appellant to secure his support obligation with a life insurance policy naming Appellee as the beneficiary. The court retained jurisdiction to modify spousal support only upon the retirement of Appellant.
On July 1, 1998, the appellant retired from employment. At that time, he moved the court to modify his support obligations. Following a hearing, the magistrate recommended that the spousal support be reduced to $944.50 per month. This amount was to be paid in addition to the $1,031.00 that was to come from the Appellant's pension plan as part of the property settlement agreed upon in the parties' settlement agreement. The magistrate reiterated Appellant's continuing obligation to secure his spousal support obligation with life insurance. On June 4, 1998, the Court of Common Pleas adopted the Magistrate's Decision and entered judgment accordingly. Appellant timely appealed. He has raised three assignments of error for review.
ASSIGNMENT OF ERROR I
 The trial court erred by refusing to allow evidence to be introduced as to the intent of the parties when making the separation agreement.
Spousal support awards will not be disturbed on appeal absent an abuse of discretion by the trial court. See Blakemore v.Blakemore (1983) 5 Ohio St.3d 217, syllabus. In order to constitute an abuse of discretion, the error must be more than a mistake of law or judgment; it must be shown that the court's attitude is "unreasonable, arbitrary, or unconscionable." Id. at 219, quoting State v. Adams (1980), 62 Ohio St.2d 151, 157.
The trial court may clarify confusion that arises in good faith over implementation and enforcement of the requirements of a dissolution decree. In re Dissolution of Marriage of Seders
(1987), 42 Ohio App.3d 155, 157. However, where parties dispute the meaning behind the language of the separation agreement, the court must first examine the agreement to determine whether an ambiguity exists. See, e.g., Id. at 156. If no ambiguity exists, the court may not construe, clarify, or interpret the document to mean anything outside of that which it specifically states. Dzebav. Dzeba (Dec. 1, 1993), Summit App. No. 16225, unreported, at 4. Disagreement between the parties with respect to the meaning of language in a separation agreement does not create ambiguity. See, e.g., Forstner v. Forstner (1990), 68 Ohio App.3d 367, 373.
A separation agreement is a contract between the parties and as such is subject to the same rules of construction that govern all contracts. Id. at 372. When parties to a contract dispute the meaning of the contract language, the court must first look to the four corners of the document to determine whether ambiguity exists. Urban v. Spriestersbach (Feb. 25, 1995), Seneca App. No. 13-94-26, unreported, 1995 Ohio App. LEXIS 719. "The trial court has broad discretion in clarifying ambiguous language by considering not only the intent of the parties but [also] the equities involved." In re Dissolution of Marriage of Seders,42 Ohio App.3d at 156. However, if the contract terms are clear and precise, the contract is not ambiguous and the trial court is not permitted to refer to any evidence outside of the contract itself, including the purported intentions of the parties. See Lawler v.Burt (1857), 7 Ohio St. 341, 350.
The separation agreement entered into between the parties in this case was unambiguous. It clearly set forth the spousal support obligation and the situations under which it would be modified and terminated. A court may only take evidence regarding the intent of the parties where the contract is ambiguous. McNairv. McNair (Dec. 30, 1992), Summit App. No. 15675, unreported, at 2-3. Therefore, it was unnecessary for the trial court to hear evidence relating to the intent of the parties and the court properly excluded testimony regarding this evidence. Accordingly, the trial court did not abuse its discretion in refusing to consider the parties' intentions. Appellant's first assignment of error is without merit and is hereby overruled.
ASSIGNMENT OF ERROR II
 The trial court erred by imputing potential income sources of Appellant but failing to impute the same or similar income sources of Appellee.
A court must find a substantial change in circumstances in order to modify an award of spousal support. Dzeba v. Dzeba (Dec. 1, 1993), Summit App. No. 16225, unreported, at 5-6. The moving party bears the burden of demonstrating that a modification of spousal support is warranted. Tremaine v. Tremaine (1996),111 Ohio App.3d 703, 706, citing Heltzel v. Heltzel (Nov. 9, 1990), Trumbull App. No. 89-T-4279, unreported, 1990 Ohio App. LEXIS 4887. Where evidence is not presented with regard to social security benefits, the court shall not speculate as to the potential financial impact of those benefits. See, e.g., Lawsonv. Lawson (Sept. 23, 1992), Lorain App. No. 91CA005243, unreported, at 4 (observing that an expert witness properly disregarded speculative information with respect to social security benefits).
Appellant did not present any evidence of the potential social security income of Appellee to the court for consideration. Therefore, any contemplation of these benefits would have been speculative in nature and was properly excluded from the court's purview. Appellant's second assignment of error is without merit and is overruled.
ASSIGNMENT OF ERROR III
 The trial court erred by ordering Appellant to secure his spousal support obligation with a life insurance policy in violation of Moore v. Moore (June 4, 1997), Summit App. No. 18096, unreported[,] at 7.
Where a party makes "voluntary, deliberate choice[s]" to enter into a settlement agreement, and requests that the court incorporate this agreement into a dissolution decree, "it would be unfair to relieve [that] party from the consequences of these choices simply because hindsight indicates they may not have been wise choices." Knapp v. Knapp (1986), 24 Ohio St.3d 141, 145. Having accepted the benefits of the dissolution decree, the parties must also bear the burdens to which they have agreed.Swisher v. Swisher (1932), 42 Ohio App. 53, 54.
Appellant has argued that the court erred by ordering him to secure his spousal support obligation with an insurance policy on his life. Appellant, however, expressly consented to this condition when Appellant signed the settlement agreement that was later incorporated into the dissolution decree. It would be inequitable to set aside particular clauses within that agreement merely because Appellant now wishes to dispense with his contractual obligations to Appellee. Therefore, the court's reiteration of this obligation was not in error. Appellant's third assignment of error is without merit and is overruled.
Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgement affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY FOR THE COURT WHITMORE, J.
BATCHELDER, J.
CONCUR