**In re the Marriage of: Charles D. COPE, Jr., Appellant–Petitioner,**

v.

**Anita D. COPE, Appellee–Respondent.**

No. 49A02–0504–CV–312.

Court of Appeals of Indiana.

April 28, 2006.

Mark Small, Indianapolis, for Appellant.

Deborah M. Agard, Indianapolis, for Appellee.

## OPINION

FRIEDLANDER, Judge.

Charles Cope appeals from a Final Order in Garnishment entered by the trial court in favor of his former wife, Anita Cope. Charles presents the following restated issue for review: Did the trial court improperly order garnishment of Charles's current wages?

We affirm.

The relevant facts are undisputed. Charles and Anita were married for sixteen years when Charles filed for dissolution in May 2001. The parties eventually entered into an agreed Decree for Dissolution of Marriage (the Decree), which the trial court approved on November 17, 2003. The Decree provided for division of Charles's military pension, the primary marital asset,[1] as follows:

> 6. Husband receives a pension from the Air Force, which accumulated prior to the parties' marriage. The parties expressly agree that Wife shall receive an amount equal to one-half (1/2) of Husband's disposable retirement pay, as defined by 10 U.S.C. 1408, payable in monthly installments to Wife, through either a qualified domestic relations order or other transfer mechanism approved by the United States Department of Defense, until such a time as Wife receives an amount equal to $146,203.20, which represents one-half of the value of said pension as the same existed on May 19, 2003. Wife's counsel shall prepare said orders for approval by this Court.

*Appellant's Appendix* at 15–16.

When Anita could not secure monthly installments through the United States Department of Defense (DOD) or from Charles, she initiated proceedings supple-

1. By agreement, the parties treated Charles's military pension as part of the marital estate.

mental to enforce payment of her share of the pension through garnishment of Charles's current wages.[2] Following several hearings on the matter, the trial court found Charles's obligation enforceable by garnishment of his current wages. Accordingly, on January 14, 2005, the trial court issued its Final Order in Garnishment. Charles now appeals.

■ Anita was unable to collect her share of the pension by direct payments from the DOD due to a provision commonly referred to as the 10/10 requirement (or the 10/10 rule). 10 U.S.C. § 1408(d)(2) of the Uniformed Services Former Spouses' Protection Act (USFSPA) establishes the 10/10 requirement as follows:

> If the spouse or former spouse to whom payments are to be made under this section was not married to the member for a period of 10 years or more during which the member performed at least 10 years of service creditable in determining the member's eligibility for retired or retainer pay, payments may not be made under this section to the extent that they include an amount resulting from the treatment by the court under subsection (c) of disposable retired or retainer pay of the member as property of the member or property of the member and his spouse.

Thus, while state courts have the authority to award a portion of disposable military retired pay to former spouses who do not meet the 10/10 requirement, such former spouses may not take advantage of the direct payments mechanism through the DOD. *See Mansell v. Mansell,* 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989); *Warren v. Warren,* 563 N.E.2d 633 (Ind.Ct.App.1990). In other words, 10 U.S.C. § 1408(d)(2) simply limits a former spouse's means of collecting, not entitle-

ment to, his or her share of this marital property. *See Warren v. Warren,* 563 N.E.2d 633.

Here, the parties agree the 10/10 requirement has not been met because Anita was not married to Charles for at least ten years during which Charles was performing service creditable in determining eligibility. Thus, Anita is not entitled to receive direct payments from the DOD.

■ Charles argues that because the specific payment mechanism set forth in the Decree has failed, Anita is, in effect, out of luck. Charles's counsel explained to the trial court, "our sole contention is that this is not a personal judgment against Mr. Cope." *Transcript* at 10. Counsel further asserted:

> And it is still his contention and position that if they submit documents to [the DOD] and [the DOD] approves those documents and orders that one half is [sic] payable pension retirement be paid to his former wife, then so be it. But this is not a personal judgment. And a simple motion for proceedings supplemental is not what either party, well, not what Mr. Cope certainly anticipated as being a transfer mechanism approved by the United State Department of Defense. I just don't think this is the correct or proper means to collect what she says is her share of the retirement benefits.

*Id.* at 11. The following colloquy reveals the folly of such an argument:

> THE COURT: I guess the Court's question would be what would your client perceive as the proper means to effectuate your agreement.
>
> [Counsel]: I don't know, Judge.
>
> THE COURT: Has he paid anything?

---

**2.** Awards contained in a dissolution of marriage decree may be enforced by assignment of wages or other income. Ind.Code Ann. § 31–15–7–10 (West 1998).

*Id.* at 11–12.

Charles's argument is fundamentally flawed, in that it is based on his belief that he is not personally liable under the property settlement. The Decree, which was entered by agreement of the parties, clearly awarded Anita a significant share of Charles's military pension. To be exact, Anita was awarded an amount equal to one-half of Charles's monthly disposable retirement pay until such a time as she received an amount equal to $146,203.20.

The question becomes, how is Anita to collect her share of the pension benefits? The Decree provided that the monthly installments were to be payable "through either a qualified domestic relations order or other transfer mechanism approved by the [DOD]." *Appellant's Appendix* at 15–16. As set forth above, the DOD cannot issue direct payments to Anita because of the 10/10 requirement. This, however, does not affect her entitlement to the property award. In these circumstances, the obvious alternative recognized by the DOD (more specifically, the Defense Finance and Accounting Service) is for the retired member to make direct payments to his/her former spouse. *See generally* Defense Finance and Accounting Service, Military Pay: Garnishment, USFSPA Q & A, *http://www.dod.mil/dfas/militarypay/garnishment/fs-qa.html* (the answer to question 5 explains that when the 10/10 requirement is not met, "retired members may always make the payment themselves") (last visited April 3, 2006); USFSPA, Dividing Military Retired Pay, Garnishment Operations Defense Finance and Accounting Service, at 5 (2006), *http://www.dod.mil /dfas/militarypay/garnishment/speech5.pdf* (explaining effect of 10/10 requirement, which cannot be waived by member, and noting that members prefer having the DOD pay former spouses directly "rather than hav[ing] to write a check each month").

Charles has flatly refused to make payments to Anita, despite the fact that he is currently receiving his monthly military pension. There is no legitimate basis for said refusal, and Anita's only practical recourse was to file the instant proceedings supplemental to collect on the agreed property settlement through garnishment of Charles's current wages. The trial court properly ordered garnishment.

Judgment affirmed.

CRONE, J., and MAY, J., concur.