**Yreneo G. CARRANZA, Appellant,**

v.

**Dorothy L. CARRANZA, Appellee.**

**No. 87–CA–2720–S.**

Court of Appeals of Kentucky.

Feb. 10, 1989.

John A. Selomridge, Radcliff, for appellant.

Thomas E. Cooper, Ralph Mobley, Elizabethtown, for appellee.

Before HOWERTON, C.J., LESTER, J., and WHITE, Special Judge.

HOWERTON, Chief Judge.

Yreneo Carranza appeals from a judgment of the Hardin Circuit Court wherein his former wife, Dorothy Carranza, was awarded an interest in any future military retirement pay he may receive. This Court finds that the circuit court did not abuse its discretion, and we affirm.

Yreneo and Dorothy were married on December 18, 1976, and were divorced on December 3, 1986. At the time of the divorce, Yreneo was a staff sergeant in the United States Army with 16 years of service earned toward the minimum of 20 years necessary to entitle him to receive military retirement pay. Dorothy was employed by an income tax preparation service and, while Yreneo's position statement suggests that she had her own retirement plan, a thorough review of the record and the depositions filed in this case does not reveal any evidence of such a plan or that the matter was ever presented to the circuit court for its consideration.

The circuit court entered a judgment awarding Dorothy an ownership interest in Yreneo's future monthly military retirement income based upon the number of months the marriage lasted, divided by the total number of months Yreneo serves in the Army which may be counted toward his retirement. Yreneo alleges the circuit court abused its discretion in making the award because he and Dorothy were married less than 10 years; there was no evidence in the record concerning the value of the pension; there was no proof Dorothy had contributed to the "earning" of the military retirement at a future date; and because Dorothy's retirement benefits were ignored by the court.

In *Jones v. Jones*, Ky., 680 S.W. 2d 921 (1984), the Supreme Court of Kentucky held that military retirement pay is divisible as marital property. Further, in *Poe v. Poe*, Ky.App., 711 S.W.2d 849 (1986), this Court held that nonvested military pensions were marital property subject to division upon divorce. In neither case was the holding dependent upon the parties having been married at least 10 years. The circuit court does point out in its judgment that the federal statute which addresses payment of military retirement pay in compliance with a court's order does include a requirement that the parties must have been married at least 10 years, during which time the military spouse must have earned at least 10 years of service creditable toward retirement. 10 U.S.C. § 1408(d)(2). However, the circuit court's interpretation of this subsection is that it only affects the right of the nonmilitary spouse to require the military to issue a separate check directly to that spouse to enforce a court-ordered property division. We agree with the interpretation of the Hardin Circuit Court, as well as the interpretations made by courts of other states on this issue, that the 10–year requirement of 10 U.S.C. § 1408(d)(2) is not a barrier to the division of military retirement pay, but

only a factor in determining how the entitlement is to be collected. *See In Re Marriage of Beltran,* 183 Cal.App.3d 292, 227 Cal.Rptr. 924 (1986); *In Re Wood,* 66 Or.App. 941, 676 P.2d 338 (1984); *LeVine v. Spickelmier,* 109 Idaho 341, 707 P.2d 452 (1985); and *Oxelgren v. Oxelgren,* Tex., 670 S.W.2d 411 (1984).

This Court considered the problem of valuation of nonvested military retirement pay in *Poe, supra,* and addressed the Hardin Circuit Court's use of the same formula as was applied in this case to solve that problem. In analyzing the practical difficulties involved in trying to reduce contingent pensions to a present lump sum, we stated that,

> a nonvested pension is not overly speculative where courts such as the Hardin Circuit Court are willing to delay the actual division of those benefits until they are capable of distribution and have in every sense of the word "vested." This type of creative distribution of the award silences any complaints concerning the speculative nature of future pension benefits.

*Poe,* at 856. Again, we find that a formula such as the one applied in this case relieves the court from the difficult, if not impossible, burden of placing a present value on a contingent benefit, and results in a just division of the marital assets.

Yreneo's argument, that "there was no proof that [Dorothy] had in any way contributed to the 'earning' of the military retirement *at a future date,*" (emphasis added) is without merit. Dorothy has not been awarded any portion of Yreneo's pension to be earned after the divorce. This problem was avoided by use of the above referenced formula.

Finally, this Court does not find, and Yreneo does not direct the Court's attention to, any evidence of what retirement plan Dorothy had, if any, or that the matter was ever presented to the circuit court for its consideration. The circuit court properly considered Yreneo's military retirement plan in its division of the marital estate and had substantial evidence to support its conclusion that Dorothy was entitled to the share of it she received.

The judgment of the Hardin Circuit Court is affirmed.

All concur.