**Kathryne L. CARMODY,**
**Plaintiff–Appellant,**

v.

**SECRETARY OF the NAVY,**
**Defendant–Appellee,**

**and**

**Martin D. Carmody, Defendant.**

**No. 88–3628.**

United States Court of Appeals,
Fourth Circuit.

Argued June 8, 1989.

Decided Sept. 27, 1989.

JoAnne Bradshaw Butt, for plaintiff-appellant.

Commander Richard Francis Walsh, J.A.G.C., U.S.N. (Henry E. Hudson, U.S. Atty. and Barbara L. Ward, Asst. U.S. Atty., on brief), for defendant-appellee.

Before ERVIN, Chief Judge, and SPENCER, United States District Judge, and HOFFMAN, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

---

SPENCER, District Judge:

Kathryne C. Carmody appeals the district court's ruling that she is not entitled to avail herself of the direct payment provision of the Uniformed Services Former Spouses Protection Act, 10 U.S.C. § 1408 (1985 & Supp.1989) (the "USFSPA" or the "Act"). For the reasons stated below, we affirm the district court's ruling.

## I.

Kathryne C. Carmody and Martin D. Carmody were married in 1942. On October 1, 1965, a California court entered a final decree of divorce which was silent with respect to the disposition of Mr. Carmody's military retirement benefits. In March, 1983, appellant filed an action in California seeking for the first time a division of Mr. Carmody's military retirement pay. On September 9, 1986, a California court decreed that appellant was entitled to 29% of her ex-husband's military retirement pay.

After obtaining the California decree, appellant filed an application with the Navy Family Allowance Activity for automatic deduction and direct payment pursuant to the USFSPA. The Navy denied appellant's request on the ground that the decree was not enforceable under the Act and implementing regulations. Mrs. Carmody then filed the present action seeking, *inter alia,* an order directing the Navy to deduct the appropriate amount from Mr. Carmody's retirement and pay her directly.

The district court granted the Secretary of the Navy's motion for summary judgment with respect to Mrs. Carmody's request. Judge Bryan ruled that Mrs. Carmody was ineligible for the direct payment provision because the California court decree awarding a 29% share of Mr. Carmody's retirement was a "modification" of the original final divorce decree entered on October 1, 1965. The court's ruling was apparently based on Department of Defense Directive 1340.16 (the "DOD Directive"), 32 C.F.R. § 63.6(c)(7), which provides in pertinent part: "For court orders issued before June 26, 1981, subsequent amendments after that date to provide for a division of retirement pay as property are unenforcea-

ble under this Directive." This appeal followed.

## II.

In response to the Supreme Court's decision in *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), Congress enacted the USFSPA. *Mansell v. Mansell,* ––– U.S. –––, 109 S.Ct. 2023, 2026, 104 L.Ed.2d 675 (1989). The Act overruled *McCarty* and returned to the states the power to treat "disposable retired or retainer pay" in accordance with state law. It also created a direct payment mechanism which authorizes the appropriate military finance centers to pay directly to former military spouses who qualify under the Act the court ordered apportioned share of a former spouse's retired benefits. *See Mansell,* 109 S.Ct. at 2026; 10 U.S.C. §§ 1408(c)(1) & (d)(1).

Section 1408(d)(1) provides in pertinent part:

> After effective service on the Secretary concerned of a court order providing for the payment of ... an amount of the disposable retired or retainer pay from a member to the spouse or a former spouse of the member, the Secretary shall make payments (subject to the limitations of this section) from the disposable retired or retainer pay of the member to the spouse or former spouse in the amount ... provided for in the court order....

The Act's direct payment provision contains certain requirements and limitations. To receive direct payment, a former spouse must have been married to a military member for at least ten years, and obtain a court order that is final and regular on its face that provides for the payment of a specific amount or percentage of the service member's retirement pay as alimony, child support, or pursuant to a division of property, not to exceed fifty percent. *See Mansell,* 109 S.Ct. at 2026; §§ 1408(d)(2) & (e)(1). A court order is defined to include "a final decree of divorce, dissolution, annulment, or legal separation issued by a court, or a court ordered, ratified, or ap-

proved property settlement *incident to such a decree* (including a final decree modifying the terms of a previously issued decree of divorce, dissolution, annulment, or legal separation, or a court ordered, ratified, or approved property settlement *incident to such previously issued decree*)...." § 1408(a)(2) (emphasis added).

### III.

Appellant contends that she is qualified under the provisions of the Act for direct payment. She argues that the 1986 decree is neither a modification nor an amendment of a previous order, but rather a valid independent court ordered property settlement. Therefore, she maintains, the 1986 decree falls within the definition of "court order" and it should be enforced and honored by the Secretary of the Navy.

The USFSPA's legislative history unquestionably supports the Secretary's position and the district court's ruling that the direct payment provision of the Act does not apply to an amendment or modification of a divorce decree that does not divide or address military retired pay and that became final before June 26, 1981, the date of the *McCarty* decision. *See* Pub.L. No. 97–252, § 1006(d), 96 Stat. 730, 737 (1982) (added as an historical note to 10 U.S.C. § 1408) ("in the case of a court order that became final before June 26, 1981, payments under such subsection may only be made in accordance with such order as in effect on such date and without regard to any subsequent modifications"). *See also* H.R. Conf. Rep. No. 749, 97th Cong., 2d Sess. 49, 167–68, *reprinted in* 1982 U.S.Code Cong. & Admin.News 1569, 1571 ("The conferees intend this provision to preclude recognition of changes to court orders finalized before the *McCarty* decision if those changes are affected after the *McCarty* decision.... In other words, the court

should not favorably consider applications based on the enactment of this Title to reopen cases finalized before the *McCarty* decision wherein retired pay was not divided.") The DOD Directive is entirely consistent with Congressional intent.

The district court found that the 1986 decree was a modification of Mrs. Carmody's divorce decree. The Secretary contends that whether the 1986 decree should be considered a modification should not be dependent on state law, and that it is immaterial whether a California court would consider the decree a modification or define it as an independent order. The Secretary argues that the dispositive fact is the date of the divorce decree and its failure to address or dispose of the military member's retired pay. Congress may very well have intended "modification" to encompass a situation such as here, where the final divorce decree was entered pre-*McCarty* and the issue of retired pay was left unaddressed and is later divided post-*McCarty*. However, Congress did not expressly define the terms "modification" or "amendment" when it enacted the USFSPA. Notwithstanding its legislative silence, we need not decide whether appellant's 1986 decree was a modification and whether modification should be defined with reference to state law. Nor must we explicitly decide whether the decree was an independent court ordered property settlement. In either case, Mrs. Carmody is not entitled to the direct payment provision of the Act.

If the 1986 decree was a modification of final decree of divorce, Mrs. Carmody clearly is not entitled to direct payment, and she so concedes. However, if the decree was an independent court decree which resulted from the partition of property held by Mr. Carmody and Mrs. Carmody as tenants in common, which is what occurred under California law,[1] then the 1986

---

1. Pursuant to California law, "[p]roperty which is not mentioned in the pleadings as community property and which is left unadjudicated by a decree of divorce or dissolution is subject to further litigation, the parties being tenants in common meanwhile." *In re Marriage of Cobb*, 68 Cal.App.3d 855, 860 n. 1, 137 Cal.Rptr. 670, 673 n. 1 (1977) (citations omitted). *See also*

*Casas v. Thompson*, 42 Cal.3d 131, 141 n. 4, 228 Cal.Rptr. 33, 39 n. 4, 720 P.2d 921, 927 n. 4, *cert. denied*, 479 U.S. 1012, 107 S.Ct. 659, 93 L.Ed.2d 713 (1986); *Henn v. Henn*, 26 Cal.3d 323, 330, 161 Cal.Rptr. 502, 505, 605 P.2d 10, 13 (1980). When a court fails to address the division of a community asset, a court is without jurisdiction to consider the matter at a modification hear-

decree fails to satisfy the definition of court order. To come within the definition of "court order," a court ordered property settlement must be incident to a final decree of divorce. A suit for partition of an undivided asset between tenants in common cannot fairly be construed as a decree incident to a divorce. Such a partition suit is indeed independent of the prior divorce proceedings and thus is not incident to the earlier divorce decree. *See* Note, *Closing the McCarty–USFSPA Window: A Proposal for Relief from McCarty–Era Final Judgments,* 63 Tex.L.Rev. 497, 520–21 n. 158 (1984) (the direct deduction enforcement mechanism of the Act may not be used by spouses who obtain pre-*McCarty* divorces and then obtain a portion of their former spouse's pensions post-*McCarty* because the suits for partition and the accompanying orders may not qualify as "court orders" within the meaning of the Act).

We therefore hold that viewed as a modification of the final divorce decree, Mrs. Carmody is not entitled to the direct payment provisions of the Act pursuant to the implementing regulations. Alternatively, if the 1986 decree is construed as an independent court ordered property settlement, she is ineligible because such an order is not incident to an original divorce decree, and therefore does not fall within the definition of "court order."

AFFIRMED.

---

ing. *Cobb,* 68 Cal.App.3d at 860 n. 1, 137 Cal. Rptr. at 673 n. 1. Therefore, a party cannot seek to modify or reopen a judgment in such a case, but must instead bring an independent action. *Casas,* 42 Cal.3d at 141 n. 4, 228 Cal. Rptr. at 39 n. 4, 720 P.2d at 921 n. 4.

Under California law, Mrs. Carmody's decree must be viewed as an independent court order.

However, we need not engage in a semantic quest or search for Congress' intent regarding the definition of modification or whether it must or should be defined with reference to state law, because we hold that in either case, she is not entitled to direct payment.