830 P.2d 1175
**Hannelore MOSIER, Plaintiff–Respondent,**

v.

**Fred L. MOSIER, Defendant–Appellant.**

No. 18909.

Supreme Court of Idaho,
Boise, January 1992 Term.

March 31, 1992.

Rehearing Denied June 17, 1992.

Coughlan & Coughlan, Boise, for defendant-appellant. Joseph M. Coughlan, argued.

Cosho, Humphrey, Greener & Welsh, Boise, for plaintiff-respondent. Brian D. Nicholas, argued.

McDEVITT, Justice.

This is a dispute over the division of the defendant's military retirement benefits. In reaching our decision, we are required to determine the effect of I.C. § 32–713A. The trial court divided the benefits and awarded the plaintiff thirty-nine percent (39%) of the total benefits. We reverse and remand with instructions to dismiss plaintiff's action.

The facts are not in dispute. On September 18, 1950, the defendant enlisted in the

United States Navy in Boise, Idaho. The defendant received his discharge on July 9, 1954. Upon being discharged, the defendant returned to Idaho and spent approximately 90 days in this state, after which the defendant moved to Salt Lake City, Utah. After working as a ticket taker in a movie theater for a short time, the defendant enlisted in the United States Air Force on January 11, 1955. While the defendant was stationed in Germany, the plaintiff, a German citizen, and defendant were married in Wiesbaden, Germany, on April 10, 1956. The plaintiff eventually accompanied her husband to his new assignment in the United States and subsequently was naturalized as a United States citizen. On November 1, 1973, while stationed in California, the defendant retired from the United States Air Force. Prior to the defendant's retirement, the plaintiff and defendant had encountered marital difficulties. The plaintiff had refused to accompany the defendant to his new assignment in California, and remained in the state of Louisiana, the site of the defendant's previous assignment.

The defendant filed for divorce in the state of California. The plaintiff was served with the petition for divorce in Louisiana, but did not appear in the California proceedings. On April 9, 1974, the state of California granted dissolution of the marriage by default. The defendant did not disclose to the California court the existence of a military pension and thus the military pension was omitted in that decree. The California court awarded the plaintiff custody of the parties' three children.

The present partition action was instituted by the plaintiff on December 11, 1980. The plaintiff brought an action in Idaho, the defendant's residence, to partition the military retirement benefits. The plaintiff alleged that because the California divorce decree failed to dispose of the retirement benefits, these benefits were held as tenants-in-common and thus were subject to an accounting. After a trial on the merits of June of 1981, the trial court entered a judgment denying the plaintiff any relief on July 2, 1981. The order was based upon *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), which was issued June 26, 1981.

Persisting in her efforts to receive a portion of the defendant's retirement benefits, on July 15, 1987, the plaintiff filed a motion to modify the July 6, 1981 judgment, based upon I.C. § 32–713A. After a trial in the magistrate court, the magistrate awarded the plaintiff $62,672.27 for her share of the benefits already received by the defendant and thirty-nine percent (39%) of the sums to be received in the future by the defendant. On appeal, the district court affirmed the magistrate's decision and the defendant appeals to this Court.

The issue we must address is whether the trial court erred in modifying the July 6, 1981 judgment by awarding the plaintiff a share of the defendant's military retirement benefits.

In response to the *McCarty* decision, the United States Congress passed 10 U.S.C. § 1408, effective February 1, 1983, which then authorized state courts to divide military retirement benefits based upon state law, effectively overruling *McCarty*. While this statute allowed state courts to dispose of military retirement benefits, Congress limited its application to:

[A] final decree of divorce, dissolution, annulment, or legal separation issued by a court, or a court ordered, ratified, or approved property settlement incident to such decree (including a final decree modifying the terms of a previously issued decree of divorce, dissolution, annulment, or legal separation, or a court ordered, ratified, or approved property settlement incident to such previously issued decree)....

10 U.S.C. § 1408(a)(2).

The Idaho State Legislature, in order to alleviate the inequities experienced by those individuals caught between the issuance of *McCarty* and the effective date of 10 U.S.C. § 1408, passed I.C. § 32–713A. This statute allowed those individuals caught in the interim period to bring an action seeking a division of military retirement benefits. Idaho Code § 32–713A is the basis for the argument of the plaintiff

to support her partition cause of action. This statute states:

**32–713A. Modification of divorce decree—Effective date [Repealed effective July 1, 1988.]**—1. Community property settlements, judgments, or decrees that became final on or after June 25, 1981, and before February 1, 1983, may be modified to include a division of military retirement benefits payable on or after February 1, 1983, in a manner consistent with federal law and the law of this state as it existed before June 26, 1981, and as it has existed since February 1, 1983.

2. Modification of community property settlements, judgments, or decrees under this section may be granted whether or not the property settlement, judgment, or decree expressly reserved the pension issue for further determination, omitted any reference to a military pension, or assumed in any manner, implicitly or otherwise, that a pension divisible as community property before June 25, 1981, and on or after February 1, 1983, was not, as of the date the property settlement, judgment, or decree became final, divisible community property.

3. Any proceeding brought pursuant to this section shall be brought before July 1, 1988.

4. This section shall remain in effect until July 1, 1988, and on that date it is repealed and null and void.

This Court recognized the propriety of the legislature enactment of I.C. § 32–713A in *Ross v. Ross*, 117 Idaho 548, 789 P.2d 1139 (1990), relying in part on *R.E.W. Construction Co. v. District Court of the Third Judicial District*, 88 Idaho 426, 400 P.2d 390 (1965). The first step of our analysis requires us to determine whether the plaintiff's action is one that is covered by I.C. § 32–713A, otherwise, there is no jurisdiction to entertain the plaintiff's complaint. By the clear terms of the statute, this statute applies only to community property settlements, judgments, or decrees.

Plaintiff's proceeding is one to modify the July 2, 1981 judgment denying a claim for an accounting in a partition action. A partition action cannot be construed as incident to the divorce decree or to a community property settlement, judgment, or decree. Idaho Code § 32–713A does not provide a basis for the plaintiff's action. Thus, the motion to modify must be dismissed for lack of jurisdiction. Therefore, we reverse the decision of the trial court and we remand with instructions to deny the plaintiff's motion to modify the July 2, 1981 decree.

Costs to appellant.

BAKES, C.J., and BOYLE, J., concur.

BISTLINE, Justice, dissenting.

It could not be more apparent to this Justice that Hannelore Mosier deserves to share in her ex-husband's military retirement benefits which accrued during the time the two were married. As the majority opinion correctly points out, I.C. § 32–713A was enacted "to alleviate the inequities experienced by those individuals caught between the issuance of *McCarty* and the effective date of 10 U.S.C. § 1408," [1] the statute which returned to the states the power to treat military retirement benefits in accordance with state law. Accordingly, this Court should interpret the statute to alleviate the inequity presently suffered by Hannelore Mosier instead of working so diligently to fashion an opinion that denies her what is rightfully and legally hers.

The majority's holding that Hannelore is precluded from seeking relief under I.C. § 32–713A is apparently premised on the rationale that she inappropriately characterized her initial action as one for partition of property held as tenants in common rather than one to modify a divorce decree which failed to address military benefits. The majority defined her action as "one to modify the July 2, 1981, judgment denying

1. 122 Idaho 37, 38, 830 P.2d 1175, 1176 (1992).

a claim for an accounting in a partition action." 122 Idaho at 39, 830 P.2d at 1177. From this, it summarily concluded that Hannelore's action did not fall within I.C. § 32–713A which allows modification of community property settlements, judgments or decrees, stating that "[a] partition action cannot be construed as incident to the divorce decree or to a community property settlement, judgment, or decree." 122 Idaho at 39, 830 P.2d at 1177.[2]

Hannelore's action can be properly construed as a request to modify a community property settlement, judgment or decree, thereby falling within the purview of I.C. § 32–713A, or alternatively as an action incident to a divorce decree, community property settlement, judgment or decree. *See Southern v. Glenn,* 677 S.W.2d 576, 581 (Tex.App. 4 Dist.1984) (implying that a partition suit concerning a tenancy in common that resulted from a previous divorce decree may be considered incident to a divorce decree). This Court should not labor so industriously to avoid the obvious intent behind the enactment of I.C. § 32–713A, which is to ensure that military spouses receive a share of community property benefits.

Moreover, a court's silence in divorce proceedings on the disposition of a community asset creates a tenancy in common between the spouses. *See Busby v. Busby,* 457 S.W.2d 551, 554–55 (Tex.1970). Under the circumstances of this case, the purpose of Hannelore's action to partition the military retirement benefits held as tenants in common was to determine rights in what had been the Mosiers' community property prior to the divorce decree, and what essentially still was community property, albeit

with a different denomination. Furthermore, this property presumably would have been addressed in the divorce decree if not for Fred Mosier's failure to disclose its existence to the court. If it had been disclosed, and the divorce decree therefore contained reference to the property, Hannelore would have been more likely to bring an action entitled "motion to modify a divorce decree."[3]

The trial court's denial of Hannelore's request for an accounting was based exclusively upon the issuance of the *McCarty* decision. *See* Memorandum and Judgment, filed July 6, 1981. We can safely assume that in the absence of the *McCarty* case, the magistrate judge would have granted Hannelore's request for partition. Idaho Code § 32–713A was passed in order to fill the gap between the issuance of *McCarty* and the effective date of 10 U.S.C. § 1408, which is why Hannelore moved to modify the court's order denying her partition request. Only because of the timing of her motion, Hannelore Mosier is being denied her due. If *McCarty* had not been issued six days prior to the court's order, she would have been granted a share in the benefits. The trial judge who granted Hannelore's motion to modify the July 2, 1981 order and the district judge who affirmed that decision both recognized the purpose of I.C. § 32–713A and properly rectified the situation.

Because of Fred Mosier's dishonesty or oversight regarding the existence of the military retirement benefits, there was no "community property settlement, judgment or decree" per se with regard to these benefits. In fact, there could not have been, because the judge handling the di-

---

**2.** It has been argued that *Carmody v. Secretary of the Navy,* 886 F.2d 678 (4th Cir.1989) supports this proposition. The holding of *Carmody* is inapplicable to this case. The issue there was whether Mrs. Carmody was eligible for direct payment of her share of military benefits under certain provisions of 10 U.S.C. § 1408, not whether she was entitled to share in the benefits at all.

**3.** Another issue not discussed is whether Fred may properly defend against a partition of the military pension based on a technicality. It is at least partially due to his failure during divorce proceedings to present the court with an accurate accounting of assets that Hannelore has had to repeatedly seek relief from the court system. A finding that he is estopped from now asserting that Hannelore's chosen form of action is inappropriate would not be unjust, as his conduct precipitated her later choice of action.

vorce proceedings was unable to divide property of which he had no knowledge. Instead, Hannelore was forced, once she found out about the benefits, to bring another action on December 11, 1980, to enforce her rights. At the point of this second action, the military retirement benefits were held in a tenancy in common, and the logical legal vehicle for dividing them was *a claim for accounting in a partition action.* Because the judge in this second action denied Hannelore's request for accounting due to *McCarty,* no partition or "settlement" actually took place. If the judge had granted her request for accounting, he would have rendered what was *essentially* a "community property settlement, judgment or decree."

When the trial court later granted Hannelore's motion in 1987 to modify the July 2, 1981 decree, that action had the same effect as modifying a community property settlement, although it was technically modifying an order denying a motion for partition. Also, tracking the language of 10 U.S.C. § 1408, Hannelore's action can be fairly construed as requesting a modification of a "final decree of divorce ... or approved property settlement incident to such decree (including a final decree modifying the terms of a previously issued decree of divorce ... or a[n] ... approved property settlement incident to such previously issued decree)." Hannelore and Fred's tenancy in common in the military pension came into existence *as a direct result of the divorce decree.* An action to partition that tenancy certainly qualifies as "incident to" a divorce decree within the intended meaning of 10 U.S.C. § 1408 and I.C. § 32–713A.

The majority's analysis is not befitting a state court of last resort whose function is to make certain that justice is rendered. It is crystal clear that if Hannelore Mosier's attorney had entitled her action as being a request for modification of a divorce decree instead of a request for accounting to partition a tenancy in common, she would have received a share of the military benefits under I.C. § 32–713A. We have held that it is appropriate to look beyond the caption of a document to determine its purpose. *Archer v. Shields Lumber Co.,* 91 Idaho 861, 434 P.2d 79 (1967); *Bates v. Capital State Bank,* 18 Idaho 429, 110 P. 277 (1910) (the sufficiency of the pleading must be determined upon the *facts pleaded,* rather than upon any name given to the pleading or the cause of action). Also, I.R.C.P. 8(f) mandates that "[a]ll pleadings shall be so construed as to do substantial justice," and I.R.C.P. 1(a) provides that the "rules shall be liberally construed to secure the just speedy and inexpensive determination of every action and proceeding." This Court would better serve the parties in this case, and the public, by elevating substance over form and looking to the purpose of Hannelore's actions rather than their captions. In that manner, the lower courts would be affirmed and justice done.

The majority's cursory analysis in this case demonstrates a hostility toward the intent of community property law that whatever is earned by or becomes vested in the spouses during the marriage is *community* property and must be shared by the spouses. Hannelore Mosier has lost a valuable community property right by virtue of Fred Mosier's failure to disclose the existence of the military pension during the initial divorce proceedings, and by this Court's needlessly narrow reading of a remedial statute, I.C. § 32–713A which was enacted to do substantial justice.

JOHNSON, J., concurs.