**Norfolk**

IVY W. COOK

v.

CHERYL L. COOK

No. 0176-93-1

Decided August 2, 1994

COUNSEL

(Michael L. Hockaday; Michael L. Hockaday and Associates, on brief), for appellant. Appellant submitting on brief.

(Stephen Grobel, on brief), for appellee. Appellee submitting on brief.

OPINION

**BAKER, J.**—Ivy W. Cook (husband) appeals from a decree of divorce entered on December 23, 1992 by the Circuit Court of the City of Hampton (trial court) that granted Cheryl L. Cook (wife) a divorce *a vinculo matrimonii* on the ground of one-year separation, pursuant to Code § 20-91(9)(a). The decree ordered husband to pay wife $100 per month in spousal support, $265.61 per month in child support, and wife's attorney's fees of $500. In addition, the trial court found that husband's retirement pension from the United States Air Force was marital property, and awarded wife seventeen percent of any pension payments made "if and when received" by husband "without any limit on the total dollar amount received." Custody of the couple's minor child was awarded to wife, with specified visitation rights granted to husband.

On appeal, husband asserts that the trial court erred in (1) finding that husband's military pension is marital property as he only has "an expectancy" should he complete nine additional years of service, (2) granting wife a percentage of husband's military pension where the marriage lasted less than ten years, (3) awarding spousal and child support without any corroborating evidence, and (4) entering the final decree of divorce where the hearing was set *ex parte* by wife, over husband's objection. Finding no error, we affirm the judgment of the trial court.

## I.

Husband and wife were married on June 2, 1984 in Dover, Delaware, and thereafter resided together in the City of Hampton, Virginia. One child, a son, was born of the marriage. The parties had been married seven years prior to their separation. At the May 26, 1992 commissioner's hearing, husband testified that he had been in the Air Force for eleven years, having enlisted in October 1981. Husband further stated that any expected Air Force pension would not accrue until he completed twenty years of military service, leaving him with nine years of service left to complete at the time of these proceedings.

It is well settled in Virginia that all pensions, including military pensions, may be classified as marital property subject to equitable distribution. *See Holmes v. Holmes*, 7 Va. App. 472, 478, 375 S.E.2d 387, 391 (1988); *Sawyer v. Sawyer*, 1 Va. App. 75, 78, 335 S.E.2d 277, 279-80 (1985). In pertinent part, Code § 20-107.3(A)(2) provides:

All property including that portion of pensions, . . . acquired by either spouse during the marriage, and before the last separation of the parties, . . . is presumed to be *marital property* in the absence of satisfactory evidence that it is separate property.

Code § 20-107.3(G) provides:

[T]he court may direct payment of a percentage of the marital share of any pension, . . . whether *vested or nonvested*, which constitutes marital property and whether payable in a lump sum or over a period of time. However, *the court shall only direct that payment be made as such benefits are pay-*

*able.* No such payment shall exceed fifty percent of the marital share of the cash benefits actually received by the party against whom such an award is made.

(Emphasis added).

For the purposes of determining the equitable distribution of husband's military pension, the parties were married for seven years prior to the separation. At that time, husband had completed eleven years of military service and was in the Air Force during the entire time the parties were married. As husband argues, except for conditions not apparent here,[1] he must complete twenty years of active military service before his pension rights become vested. *See Sawyer,* 1 Va. App. at 78-79, 335 S.E.2d at 280; Code § 20-107.3(G). However, in accord with our construction of Code § 20-107.3, awards may be decreed prior to the pensioner's receipt of payments even though future payments may be "an expectancy." Based on this record, it was not error to award wife seventeen percent of husband's pension to be paid when received. *See Zipf v. Zipf,* 8 Va. App. 387, 398, 382 S.E.2d 263, 269 (1989).

## II.

In response to the Supreme Court's decision in *McCarty v. McCarty,* 453 U.S. 210 (1981), that prevented state courts from dividing military retirement pay pursuant to state community property laws, Congress enacted the Uniformed Services Former Spouses Protection Act (USFSPA), 10 U.S.C. § 1408(a) (West 1983 & Supp. 1985), effective February 1, 1983. The USFSPA legislatively overruled *McCarty* and returned to state courts the power to treat "disposable retired or retainer pay," subject to § 10 U.S.C. § 1408(a)(4),[2] as community property in accordance with state law. *See Mansell v. Mansell,* 490 U.S. 581, 584-85 (1989). The USFSPA placed limitations on the power of state courts to make awards to spouses of certain retirees. *See, e.g., Mansell,* 490 U.S. at 594-95 (holding that the USFSPA did "not grant state courts the power to treat as property divisible upon divorce military retirement pay that has been waived to receive

---

[1] *E.g.,* physical disability.

[2] 10 U.S.C. § 1408(a)(4) defines disposable retired or retainer pay as "the total monthly retired or retainer pay to which a member is entitled" less certain deductions.

veterans' disability benefits").

■ Husband's ten-year limitation issue is one of first impression in the Commonwealth. The USFSPA created the "direct payment mechanism" in § 1408(d)(1)[3] and authorized the appropriate military finance center to pay the court ordered apportioned share of a former spouse's military retirement benefits directly to a former spouse if certain requirements are met. *See Carmody v. Secretary of Navy*, 886 F.2d 678, 679 (4th Cir. 1989); *Mansell*, 490 U.S. at 585. In *Carmody*, the Fourth Circuit held that direct payment of a former spouse's military retirement pay, pursuant to 10 U.S.C. § 1408(d)(1)-(2), is contingent upon a marriage of at least ten years. *Carmody*, 886 F.2d at 679. 10 U.S.C. § 1408(d)(2) permits direct payment only if a former spouse has been "married to a military member for at least ten years, and obtain[ed] a court order that is final and regular on its face that provides for the payment of a specific amount or percentage of the service member's retirement pay." *Carmody*, 886 F.2d at 679; 10 U.S.C. § 1408(d)(2).[4]

Although husband and wife have not met the ten-year requirement, that is "not a barrier" to a court's division of the former spouse's military retirement pay. It is but a "factor in determining how the entitlement is to be collected." *Carranza v. Carranza*, 765 S.W.2d 32, 33-34 (Ky. Ct. App. 1989); *see also Mansell*, 490 U.S at 591 n.13; *Warren v. Warren*, 563 N.E.2d 633, 634-35 (Ind. Ct. App. 1990); *Scott v. Scott*, 519 So. 2d 351, 352-53 (La. Ct. App. 1988); *Parker v. Parker*, 750 P.2d 1313, 1314-15 (Wyo.

---

[3] 10 U.S.C. § 1408(d)(1) provides, in pertinent part:

After effective service on the Secretary concerned of a court order with respect to the payment of a portion of the retired or retainer pay of a member to the spouse or a former spouse of the member, the Secretary shall, *subject to the limitations of this section*, make payments to the spouse or former spouse in the amount of the disposable retired or retainer pay of the member specifically provided for in the court order.

(Emphasis added).

[4] 10 U.S.C. § 1408(d)(2) provides:

If the spouse or former spouse to whom payments are to be made under this section was not married to the member for a period of 10 years or more during which the member performed at least 10 years of service creditable in determining the member's eligibility for retired or retainer pay, payments may not be made under this section to the extent that they include an amount resulting from the treatment by the court under subsection (c) of disposable retired or retainer pay of the member as property of the member or property of the member and his spouse.

1988); *Konzen v. Konzen*, 693 P.2d 97, 99 (Wash.), *cert. denied*, 473 U.S. 906 (1985); *Oxelgren v. Oxelgren*, 670 S.W.2d 411, 412-13 (Tex. Ct. App. 1984). While 10 U.S.C. § 1408(d)(2) prevents direct payment to the divorced wife, it was not error for the trial court to declare husband's military pension to be marital property and award wife seventeen percent of that pension upon his receipt of pension payments, notwithstanding that husband and wife were married for less than ten years.

## III.

Upon familiar principles, we review the evidence on appeal in the light most favorable to wife, the party prevailing below. *Steinberg v. Steinberg*, 11 Va. App. 323, 325, 398 S.E.2d 507, 508 (1990). The recommendations of the commissioner in chancery concerning spousal and child support were approved by the trial court and incorporated into the divorce decree from which this appeal emanates. "On appeal, a decree which approves a commissioner's report will be affirmed unless plainly wrong." *Hill v. Hill*, 227 Va. 569, 577, 318 S.E.2d 292, 296 (1984).

"The determination whether a spouse is entitled to support, and if so how much, is a matter within the sound discretion of the court and will not be disturbed on appeal unless it is clear that some injustice has been done." *Dukelow v. Dukelow*, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986). In determining an appropriate contribution to the child's support, the trial court is vested with discretionary power and its "award[s] will not be reversed on appeal unless plainly wrong or unsupported by the evidence." *Young v. Young*, 3 Va. App. 80, 81, 348 S.E.2d 46, 47 (1986).

Husband has failed to show that the trial court abused its discretion. We further find from our review of the record that wife's testimony was sufficiently credible to support the trial court's award of spousal and child support.

## IV.

We have reviewed the record in this case and find that husband was given a copy of the proposed final divorce decree and ample notice that wife's counsel would submit the proposed decree to the trial court for entry. However, husband failed to appear at the time and place of that notice and, accordingly, it was not error for the trial judge to enter the decree as presented on December 23,

1992.

For the reasons stated, the judgment of the trial court is affirmed.

*Affirmed.*

Bray, J., concurred.

Benton, J., concurring.

I concur in Parts I and III of the majority opinion. Because I believe a caveat is necessary with respect to Part II, I concur in that part only with the following reservation.

The final decree of divorce recited that the wife "is awarded Seventeen (17%) Percent of [the husband's] United States Air Force Retirement Pay if and when it is received by [the husband] without any limit on the total dollar amount received." The retirement pay that a court may equitably distribute is limited, however, by federal law to that portion of the total monthly retired pay that is "disposable retired or retainer pay." 10 U.S.C. § 1408(a)(4).

> [T]he Former Spouses' Protection Act . . . authorizes state courts to treat "disposable retired or retainer pay" as community property [or property subject to equitable distribution]. 10 U.S.C. § 1408(c)(1). " 'Disposable retired or retainer pay' " is defined as "the total monthly retired or retainer pay to which a military member is entitled," minus certain deductions. § 1408(a)(4) (1982 ed. and Supp. V).

*Mansell v. Mansell*, 490 U.S. 581, 584-85 (1989) (footnote omitted). Thus, the final decree of divorce may not be read to subject the husband's total retirement pay to the award of seventeen percent to the wife.

"[U]nder the Act's plain and precise language, state courts have been granted the authority to treat disposable retired pay as . . . property [subject to equitable distribution]; they have not been granted the authority to treat total retired pay as . . . property [subject to equitable distribution]." *Id.* at 581. In creating benefits to counteract the decision in *McCarty v. McCarty*, 453 U.S. 210 (1981), Congress also "place[d] limits on state courts

designed to protect military retirees." *Mansell*, 490 U.S. at 594. That limit may not be exceeded by an order of a state court. *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 590 (1979). Accordingly, because the final decree cannot confer a benefit that exceeds the authority granted by Congress in 10 U.S.C. § 1408(a)(4), I concur in Part II only to the extent that the term "Retirement Pay" in the final decree is read to mean "disposable retired . . . pay." *Id.*