COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Bray and Fitzpatrick
Argued at Richmond, Virginia


SAMUEL VICTOR PALMER

v.          Record No. 1214-95-2          MEMORANDUM OPINION[*] BY
                                          JUDGE RICHARD S. BRAY
EDNA LEE PALMER                                MAY 14, 1996

           FROM THE CIRCUIT COURT OF HENRICO COUNTY
                    George F. Tidey, Judge

        James Emmett Anderson for appellant.

        Harry P. Anderson, Jr., for appellee.


        Edna Lee Palmer (wife) and Samuel Victor Palmer (husband)

were divorced by decree of the trial court which retained

jurisdiction to thereafter "adjudicate the remedies provided by

. . . Code [§§] 20-107.1, 107.2 and 107.3" and "to award counsel

fees and costs . . . ."  These remaining issues were resolved by

a further order which allocated certain marital property and

debts between the parties, vested physical custody of their

infant child in wife, fixed the related child support

obligations, and awarded wife spousal support and counsel fees.

Husband challenges each ruling on appeal.  For those reasons

hereinafter set forth, we reverse in part and affirm in part.

        The parties are fully conversant with the record, and a

recitation of the facts is unnecessary to this memorandum

opinion.  "Upon familiar principles, we review the evidence on

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

appeal in the light most favorable to . . . the party prevailing below." Cook v. Cook, 18 Va. App. 726, 731, 446 S.E.2d 894, 896 (1994).

## EQUITABLE DISTRIBUTION

"[I]n reviewing an equitable distribution award, we rely heavily on the trial judge's discretion in weighing the particular circumstances of each case." Aster v. Gross, 7 Va. App. 1, 8, 371 S.E.2d 833, 837 (1988). Accordingly, we defer to the chancellor's resolution of the conflicting equities and will upset an award only if unsupported by the evidence or the result of an abuse of discretion or failure to follow statutory mandate. Banagan v. Banagan, 17 Va. App. 321, 326, 437 S.E.2d 229, 231-32 (1993) (citations omitted).

Here, the record discloses a $50,438 IRS lien on the marital home. However, the trial court, without support in the record, concluded that "a realistic settlement of the lien would be approximately $20,000."[1] This determination infected the related equitable distribution with error, necessitating a reconsideration by the trial court of the parties' respective interests pursuant to Code § 20-107.3.

On remand, although the trial court need not assign a weight to each factor prescribed by Code § 20-107.3, we caution that it must be guided by the statute in fashioning a proper award.

---

[1]Because we reverse and remand on this issue, we decline to specifically address husband's additional challenges to the award.

CUSTODY

> When addressing matters concerning a child
> . . . the paramount consideration of a trial
> court is the child's best interests. On
> review, "[a] trial court is presumed to have
> thoroughly weighed all the evidence,
> considered the statutory requirements, and
> made its determination based on the child's
> best interests." Furthermore, the evidence
> is viewed in the light most favorable to the
> prevailing party below and its evidence is
> afforded all reasonable inferences fairly
> deducible therefrom. "In matters of a
> child's welfare, trial courts are vested with
> broad discretion in making the decisions
> necessary to guard and to foster a child's
> best interests." The trial court's judgment,
> "when based on evidence heard ore tenus, will
> not be disturbed on appeal unless plainly
> wrong or without evidence to support it."

Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991) (citations omitted); see Code §§ 20-124.1 through 20-124.3.

Here, the trial court vested legal custody of the child in both parents, "with [wife] having the primary physical and residential custody of the child and [husband] having liberal and reasonable visitations . . . ." The court noted a "concern[]" about the inability of the parties to communicate" but concluded that "joint custody should be attempted in fostering the best interest of [the child]." The resulting custodial arrangement comports with Code §§ 20-124.1 through 20-124.3.

Our review of the record discloses ample evidence to support the trial court's order, without suggestion of an abuse of discretion.[2]

---

[2]Husband's contention that the trial court "recant[ed]" an earlier ruling is without merit.

## CHILD SUPPORT

In determining an appropriate award of child support, "the court shall consider all evidence presented relevant to any issues joined in that proceeding," and the "decision . . . shall be rendered upon the evidence relevant to each individual case." Code § 20-108.1(B). "However, there shall be a rebuttable presumption . . . that the amount of the award which would result from the application of the guidelines set out in Code § 20-108.2 is the correct amount of child support . . . ." Id. Deviation is permissible upon consideration of specific statutory factors, if accompanied by "written findings in the order . . . that the . . . guidelines would be unjust or inappropriate in a particular case." Id.

Here, in computing the parties' support obligations pursuant to Code § 20-108.2, the trial court assigned monthly "gross income" to husband of $2,300, without evidence to support this finding. See Code § 20-108.2(C). The statutory formula correlates the gross income of the parents, the amount of the support award, and the respective obligation of each parent. Code § 20-108.2. Thus, attribution of an incorrect gross income component to husband resulted in an erroneous computation of his support obligation, an error which requires remand.

## SPOUSAL SUPPORT

Code § 20-107.1 requires the court to consider certain enumerated circumstances in ascertaining an award of spousal

support, if any. "This does not mean that the trial court is required to quantify or elaborate exactly what weight . . . it has given to each . . .," provided "the court's findings . . . have some foundation based on the evidence presented." Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986).

Because our disposition of several issues subject of this appeal impact upon circumstances relevant to spousal support, we must also reverse and remand the instant award for reconsideration by the trial court, guided by the provisions of Code § 20-107.1.[3]

## ATTORNEY'S FEES

The trial court will doubtless revisit attorney's fees in the context of other issues remanded by this decision, and we, therefore, reverse and remand the present award to permit such further consideration. See Westbrook v Westbrook, 5 Va. App. 446, 458, 364 S.E.2d 523, 530 (1988) (citations omitted); Code § 20-79.

Accordingly, the order of the trial court is reversed in part and affirmed in part, and the cause is remanded for further proceedings in accordance with this opinion.

Affirmed in part,

reversed in part,

---

[3]Should the issue of "lump sum" spousal support arise on remand, the unique character of such relief must be considered by the trial court. Code § 20-107.1; Blank v. Blank, 10 Va. App. 1, 389 S.E.2d 723 (1990); Mosley v. Mosley, 19 Va. App. 192, 450 S.E.2d 161 (1994).

<u>and remanded.</u>