COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judge Bray and Senior Judge Duff
Argued at Alexandria, Virginia

MICHAEL D. LABRANCHE

v.          Record No. 2383-95-4          MEMORANDUM OPINION* BY
                                          JUDGE RICHARD S. BRAY
RENE JOY LABRANCHE                             JUNE 4, 1996

                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        Jack B. Stevens, Judge

          Chanda L. Kinsey (Kinsey, Lynch & Filipour,
          on brief), for appellant.

          Paula Winchester Rank (Lawrence H. Bowen;
          Byrd, Mische, Bevis, Bowen, Joseph &
          O'Connor, P.C., on brief), for appellee.


        Michael D. Labranche (husband) challenges the decree of the

trial court ordering him to pay Rene J. Labranche (wife) spousal

support of $500 per month and certain "marital" debts.  Finding

no error, we affirm the decision of the trial court.

        The parties are fully conversant with the record, and we

recite only those facts necessary to a disposition of this

appeal.  "Upon familiar principles, we review the evidence on

appeal in the light most favorable to wife, the party prevailing

below."  Cook v. Cook, 18 Va. App. 726, 731, 446 S.E.2d 894, 896

(1994).

        The parties married on July 6, 1987, separated June 17,

1993, and were divorced, in a bifurcated proceeding, by decree

─────────────────────

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

dated July 1, 1994.  The disputed orders resulted from the court's subsequent adjudication of equitable distribution and spousal support and attendant factual findings.

## Spousal Support

"[W]hether a spouse is entitled to support, and if so how much, is a matter within the discretion of the court . . . ." Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986).  An award "'based upon due consideration of the factors enumerated in Code § 20-107.1, as shown by the evidence, . . . "will not be disturbed except for a clear abuse of discretion."'" Poliquin v. Poliquin, 12 Va. App. 676, 679, 406 S.E.2d 401, 403 (1991) (citations omitted); Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992).  In addressing the relevant statutory factors, the trial court is not required "to quantify or elaborate exactly what weight or consideration it has given to each . . . ." Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986).  However, the "award must be based upon the circumstances in existence at the time of the award.  An award 'premised upon the occurrence of an uncertain future circumstance . . . ignores the design and defeats the purpose of the statutory scheme.'" Payne v. Payne, 5 Va. App. 359, 363, 363 S.E.2d 428, 430 (1987) (citation omitted).

Here, in a letter opinion to counsel and attendant order, the trial court noted its consideration of the statutory factors, and detailed those factual findings deemed pertinent to the

decision, all of which were well supported by the evidence. Although the court acknowledged that wife anticipated a move to California, her evidence included an "Income and Expense Statement" that reflected existing economic circumstances, and the record does not establish that the trial court improperly fashioned an award based upon "speculative" future expenses. See Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977). Similarly, the record also does not indicate that the court required husband to pay wife's post-marital debt. Under such circumstances, we decline to disturb the award.

## Marital Debt

"[I]n reviewing an equitable distribution award, we rely heavily on the trial judge's discretion in weighing the particular circumstances of each case." Aster v. Gross, 7 Va. App. 1, 8, 371 S.E.2d 833, 837 (1988). Accordingly, we defer to the chancellor's resolution of the conflicting equities and will upset an award only if unsupported by the evidence or the result of an abuse of discretion or failure to follow statutory mandate. Banagan v. Banagan, 17 Va. App. 321, 326, 437 S.E.2d 229, 231-32 (1993) (citations omitted). Like Code § 20-107.1, Code § 20-107.3 requires the court to consider numerous factors in adjudicating the equities between the parties, but, likewise, "[t]he court need not quantify or elaborate exactly what weight was given to each of the factors," provided its findings are based upon credible evidence. Taylor v. Taylor, 5 Va. App. 436,

444, 364 S.E.2d 244, 249 (1988).  Here, the court's findings and conclusions clearly reflect appropriate consideration of the requisite statutory factors and our review of the record discloses no abuse of discretion in the allocation of the marital debt in issue.  <u>See</u> Code § 20-107.3(C),(E).

Accordingly, we affirm the order of the trial court.

<u>Affirmed.</u>