COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Annunziata and Bumgardner
Argued at Norfolk, Virginia


CHARLES R. TUCK, JR.

MEMORANDUM OPINION[*] BY
v.    Record No. 1462-98-1        JUDGE RUDOLPH BUMGARDNER, III
JUNE 1, 1999
MARY J. SESNY


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
William C. Andrews, III, Judge

Pamela P. Bates (Jeffrey M. Jordan; Peninsula
Legal Aid Center, Inc., on briefs), for
appellant.

DeRonda M. Short (Short, Short, Telstad &
Kerr, P.C., on brief), for appellee.


Charles R. Tuck, Jr. petitioned to have his child support

obligation reduced.  The trial court found that there was no

change in circumstances and granted Mary J. Sesny's motion to

strike the evidence.  The husband appeals arguing that the trial

court erred (1) in finding no change in circumstances; (2) in

ordering him to continue paying his child support obligation

without first determining the presumptive amount; and (3) in

ordering him to pay medical and dental bills incurred on behalf

of the children and arrearages owed on his support obligation.

We conclude that the evidence established a change in

_____

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

circumstances, and accordingly, we remand for reconsideration of the support obligation and the accrued arrearage. We affirm the order establishing the amount owed for medical expenses and ordering that it be paid.

The parties have three minor children. The trial court entered a final decree of divorce April 23, 1992. The trial court entered a consent order November 10, 1993 that set child support at $950 per month, which was $200 more than the presumptive guideline amount. With the husband's consent, the trial court found that applying the guidelines would be unjust.

In 1991, the husband worked in the restaurant business in Boston, Massachusetts earning $65,000 per year. When the trial court entered the consent order in November 1993, he was only earning $16,800 annually working at Kinko's, an office copying and duplicating business. Still, the husband consented to the agreed child support of $950 per month because he believed that he could earn $35,000 to $40,000 a year in the restaurant business.

The husband moved to Atlanta, Georgia in late 1993 or early 1994 to seek employment in the restaurant industry. He never found work comparable to what he had in Boston. The husband attended bartending school and started working in the general restaurant business in mid-1994. Since November 1993, he never held a job that paid as much as the $16,800 he received working at Kinko's. The husband's average income through December 1996

was $1,000 per month.  However, he stayed current in his child support payments through August 1997, when the husband stopped working.

The husband admits he has been an alcoholic all his life. He began alcohol rehabilitation treatment in September 1997.  He was hospitalized from September to October 1997 for liver and neuropsychological complications.  At the time of the May 5, 1998 hearing, the husband had been sober and attending treatment for nine months, but he remained unemployed and lived with his parents.  In February 1998, the husband had exhausted all of his assets and filed for bankruptcy.  In May 1998, he applied for Social Security disability benefits but his application was denied.

On behalf of the husband, the Division of Child Support Enforcement moved to intervene, to reinstate this case, and to determine whether to reduce the child support obligation.  The trial court granted the motion to intervene but ruled that there was no change of circumstances since it had established the amount of support.

The husband contends the trial court erred in finding there was no change of circumstances.  He argues that he was unable to find employment at the salary he received in Boston, he was hospitalized because of alcoholism, he was unemployed since September 1997, and he exhausted his financial resources forcing him to live with his parents.

On appeal, we consider the evidence in the light most favorable to the wife, the prevailing party below.  See Cook v. Cook, 18 Va. App. 726, 731, 446 S.E.2d 894, 896 (1994).  When the evidence is heard at an ore tenus hearing, the trial court's decision "is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it."  Venable v. Venable, 2 Va. App. 178, 186, 342 S.E.2d 646, 651 (1986).

A trial court may adjust child support payments when the petitioning party has proven by a preponderance of the evidence a material change in circumstances and that the change justifies an alteration in the support award.  See Featherstone v. Brooks, 220 Va. 443, 446-47, 258 S.E.2d 513, 515 (1979); Head v. Head, 24 Va. App. 166, 173-74, 480 S.E.2d 780, 784 (1997).

When the consent order was entered in November 1993, the husband believed that he could earn an annual salary of $35,000 to $40,000.  On that basis, he agreed to an upward deviation in child support.  The husband's circumstances changed since the trial court entered the support order.  He moved to Atlanta to find better paying work but was unsuccessful in finding a job with a salary that justified the upward support deviation.  By the time of the hearing, the defendant was unable to work, had been hospitalized, and had depleted his savings.  We find those circumstances satisfied his burden of proving a change in circumstances.  Therefore, we reverse the trial court's finding

of no change in circumstances and remand for reconsideration of the amount of support and accrued arrearages.

The husband also contends that the trial court erred in ordering him to pay the medical bills of $5,543.66. The original divorce decree obligated the husband to pay for one half of the children's medical and dental bills. The wife presented evidence that the three children incurred orthodontist bills of $11,087.31. She testified that she had sent some of these bills certified mail to the husband in Atlanta and they had been returned unopened. The trial court did not abuse its discretion in ordering the husband to pay half of these bills incurred on behalf of his children.

For the foregoing reasons, we reverse in part, affirm in part, and remand for reconsideration.

<u>Affirmed in part, reversed in part, and remanded.</u>